# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David T. Walls, Petitioner Below,
Petitioner**

**vs) No. 13-0296** (Berkeley County 11-C-754)

**Patrick Mirandy, Warden, St. Mary's Correctional
Center, Respondent Below, Respondent**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner David T. Walls, by counsel Steven A. Greenbaum, appeals the February 20, 2013, order of the Circuit Court of Berkeley County denying his petition for writ of habeas corpus. Respondent Patrick Mirandy, by counsel Cheryl K. Saville, has filed a response, to which petitioner has filed a reply. Petitioner argues that he should have been afforded a hearing to address the allegations listed in his petition for writ of habeas corpus.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2008, petitioner was indicted on one count of delivery of cocaine and one count of delivery of marijuana by the Grand Jury of Berkeley County. In June of 2008, petitioner pleaded guilty to one count of delivery of marijuana and, as part of a plea agreement, the State dropped the delivery of cocaine charge and agreed not to seek a recidivist information. Petitioner was sentenced to one to five years of incarceration, to be served consecutively to an unrelated criminal sentence he was already serving. Petitioner filed a motion for reconsideration of his sentence, which the circuit court denied; he never filed a direct appeal of his conviction or sentencing.

In September of 2011, petitioner filed a petition for writ of habeas corpus in the circuit court, to which the State made its timely response. In May of 2012, however, the circuit court dismissed the petition as moot because petitioner had been released on parole. Sometime thereafter, petitioner violated his parole and was returned to a correctional facility. In October of 2012, petitioner moved to reinstate his petition, which the court accepted. By order entered February 20, 2013, and without holding an omnibus evidentiary hearing, the circuit court denied the petition for writ of habeas corpus. The circuit court held that petitioner failed to show any constitutional error or any need for an evidentiary hearing and, therefore, the petition should be denied and sentence should be upheld. Specifically, the circuit court found the plea to be voluntary and counsel to be adequate. It further found that petitioner had waived any claim that

1

evidence in his voluntary plea was insufficient. Regarding petitioner's argument that he was improperly informed of how credit for time served would work, the circuit court found that the transcript showed that the court, petitioner, and petitioner's counsel discussed the matter on the record and explained that he would not begin the sentence on the marijuana charge until he had discharged the sentence he was already serving. It is from this order that petitioner appeals.

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner alleges that the circuit court erred in summarily denying his petition below. According to petitioner, the circuit court did not have an adequate record to make a determination on his claims of involuntary plea, ineffective assistance of counsel, and insufficient evidence to convict, without holding a hearing. Citing West Virginia Code § 53-4A-7(a), petitioner argues that he is entitled to a hearing on the allegations in his petition. Additionally, petitioner provides a summary of evidence he contends supports his claims, and also includes his assertions that he did not understand the plea agreement or the sentencing, and that he was not of sound mind. Finally, petitioner argues that whether counsel was ineffective could only be ascertained through a factual determination.

After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus, especially in light of the following:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, in part, *Marley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). The circuit court correctly concluded that petitioner is unable to satisfy the burden necessary to prove incompetency to plead guilty as required by *State ex rel. Kessick v. Bordenkircher*, 170 W.Va. 331, 294 S.E.2d 134 (1982), and to prove ineffective assistance of counsel as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Further, as the circuit court also noted, petitioner waived his right to raise the allegations regarding sufficiency of the evidence and credit for time served. Having reviewed the circuit court's "Order Denying Petition For Writ Of Habeas Corpus Ad Subjiciendum" entered on February 20, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal.

The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its February 20, 2013, order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** April 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Division II

STATE OF WEST VIRIGINA, ex rel.
DAVID T. WALLS,

    Petitioner,

v.

                                 **CIVIL CASE NO. 11-C-754**
                                 **Underlying Criminal Cases: 08-F-81**
                                 **JUDGE WILKES**

WILLIAM FOX, Warden,
SAINT MARYS CORRECTIONAL CENTER,

    Respondent.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM

This matter came before the Court this ___20___ day of February, 2013, pursuant to

Petitioner's Petition for Post-Conviction Habeas Corpus Relief. Petitioner, David T. Walls, by

counsel Steven A. Greenbaum, Esq., and Respondent, William Fox, Warden, by counsel Cheryl

Saville, have fully briefed the issues before the Court. The Court dispenses with oral argument

because the facts and legal contentions are adequately presented in the materials before the court

and argument would not aid the decisional process. Upon these briefs, all matters of record in

this case, the underlying criminal case, and the appeal; and review of the pertinent legal

authorities, the Court rules that each of Petitioner's claims fails to show any constitutional error

or any need for an evidentiary hearing, and therefore the Petition should be denied and the

sentence should be upheld.

                                     02-20-13
                                     C Saville
                                     S Greenbaum
                                        BK

CIVIL ORDER BOOK NO. 234
PAGE 287-305
DATE 2-20-13

APX 175

## *Procedural History and Findings of Fact* [1]

1. Prior to the Indictment in this case, an Information was filed by the Prosecuting Attorney charging one count of delivery of a controlled substance (marijuana) in anticipation of a plea agreement extended by the State. *See,* State v. David T. Walls, 07-B-214, 08-F-59. However, no plea agreement was completed prior to indictment.

2. The Petitioner was indicted for one (1) felony count of Delivery of a Schedule II Controlled Substance (cocaine) and one (1) felony count of Delivery of a Schedule I Controlled Substance (marijuana). *See,* Indictment, 5/20/08.

3. Trial Counsel in this matter was Christopher Prezioso, Esq. at all relevant times (hereinafter "Trial Counsel"). However, when the Petitioner was arrested, he was originally appointed the Public Defender's Office as counsel. The Public Defender's Office filed a motion to withdraw from representation of the Petitioner based upon a breakdown in communication that was specifically noted to be because of the Petitioner's inherent distrust of public defenders. *See,* Motion to Withdraw, 10/9/07. Thereafter, Mr. Robert Barrat, Esq. was appointed to represent the Petitioner. *See,* Order, 10/9/07. Mr. Barrat also moved to withdraw as counsel for the Petitioner after the Petitioner was so displeased with his representation that the Petitioner filed an ethics complaint with the State Bar. *See,* Motion to Withdraw as Counsel, 12/3/07. Mr. Christopher Prezioso, Esq. was then appointed, and remained counsel until his withdraw after filing a motion to reconsider sentence.

   In regard to post-conviction matters, the Petitioner has had a total of five (5) attorneys appointed to this post-conviction habeas proceeding, with current counsel, Mr. Greenbaum, being the fifth. *See,* Order Appointing Counsel, 12/8/08, Motion to

---

[1] All citations made to the record refer to Berkeley County Case number 08-F-81, unless otherwise stated.

Withdraw as Counsel, 1/16/09; Order, 1/16/09; Order Substituting Counsel, 1/19/10; Motion for Leave to Withdraw, 3/23/10; Order Allowing Withdrawal of Counsel, 3/24/10; Order Appointing Counsel, 4/28/10; Motion to Withdraw, 2/10/11; Order Granting Motion to Withdraw and Appointing Substitute Counsel, 2/23/11.

4. After indictment the Parties reached a plea agreement. The agreement reached was the same plea agreement previously entertained by the parties prior to indictment. *See, supra,* ¶ 1. The Petitioner first rejected the plea by allowing the deadline for acceptance to pass without tendering the signed agreement, and sought to have his case proceed to grand jury and to trial. Yet, after the Petitioner was indicted in this matter, the Petitioner agreed to the plea offer. *See,* Plea and Sentencing Transcript at 3-22; State's Plea Agreement, 6/27/08.

5. On June 27, 2008, the Petitioner entered a guilty plea to count two of the indictment charging Delivery of a Schedule I Controlled Substance (marijuana). *See,* Guilty Plea Form, 6/27/08; Conviction and Sentencing Order, 6/30/08. The Petitioner demonstrated throughout the plea hearing that he was capable and willing to make it known if he felt that his lawyer was not representing him effectively, or if there were any issues.

6. The record reflects that the Court engaged the Petitioner, under oath, in a thorough dialogue regarding those matters set forth in *Call v. McKenzie,* 159 W.Va. 191 (1975), and Rule 11 of the West Virginia Rules of Criminal Procedure. *See,* Plea and Sentencing Transcript at 3-22; Conviction and Sentencing Order, 6/30/08.

7. Petitioner and his counsel noted to the Court that a professional forensic psychologist, Mr. Hal Slaughter, completed an evaluation on Petitioner just prior to the plea and sentencing hearing. Petitioner and his counsel also noted that Mr. Slaughter found him to

APX 177

be competent to stand trial and able to understand the charges against him and the possible penalties he was facing. *See*, Petition, 11-C-754, at 3. The Petitioner further agreed with his counsel that all mental defenses had been explored. *See*, Plea and Sentencing Transcript at 4, 21.

8. Petitioner did indicate that he was receiving medication and treatment for bipolar disorder, but stated that it did not interfere with his ability to understand everything that was happening in the proceedings. *Id.* at 7. Petitioner indicated that he was not under the influence of any alcohol, drugs, or medications that he was not prescribed. *Id.* at 10.

9. Petitioner indicated that he had prior involvement in the legal system and that he had never been found incompetent or not guilty by reason of insanity. *Id.* at 7. The Court asked Petitioner if he was comfortable with what was happening, and Petitioner gave a lengthy answer stating his reasons for wanting to take the plea, which involved being moved from Regional Jail into Department of Corrections custody in order to take classes and better himself so that he could be a better family man upon his release. *Id.* at 8.

10. All the terms of the plea agreement were reviewed with Petitioner on the record, including the sentencing aspect that his sentence in the instant offense would begin following his sentence for unrelated parole violations. The Petitioner asked questions of the Court and his counsel about the operation of sentencing, which the Court and counsel answered. The Court specifically noted that this sentence would begin upon completion, discharge or parole of the Petitioner's sentence in Berkeley County Case No. 05-F-59. The Petitioner competently indicated that he understood. *Id.* at 8-10.

11. Petitioner provided a full factual basis for his guilty plea and admitted the details of his commission of the offense. *Id.* at 14-15.

APP 178

12. Petitioner indicated that he had been on parole and had already admitted to violations of that parole. The Petitioner, his counsel and the Court discussed that this offense was separate and apart from the parole violations case and that this plea may have adverse consequences on his parole status. *Id.* at 16-17.

13. The Petitioner then pled guilty to the relevant charges.

14. The Court found, based upon the above, that Petitioner understood the nature of the offenses, the consequences of his guilty plea, and that his decision to make said plea was made freely and voluntarily of his own free will and accord, and a sufficient factual basis to support the plea as given by the Petitioner and the State. Therefore, after Petitioner executed the written guilty plea form, the Court accepted Petitioner's Plea. *See*, Plea and Sentencing Transcript at 20-21; Conviction and Sentencing Order, 6/30/08.

15. Pursuant to the plea agreement, the Petitioner was then sentenced to the statutory term of not less than one (1) nor more than (5) years in the penitentiary to run consecutively to any sentence the Petitioner was then serving. *See*, State's Plea Offer, 6/27/08, Conviction and Sentencing Order, 6/30/08; Plea and Sentencing Transcript, 21-22.

16. Trial Counsel, Christopher Prezioso, filed a timely Motion for Reconsideration of Sentence, and moved to withdraw as counsel. *See*, Motion for Reconsideration of Sentence, 9/25/08.

17. The Court entered an order removing Trial Counsel and his firm from representation of the Petitioner and indicating that the Petitioner wished to represent himself. *See*, Order, 10/06/08. The Court also denied Petitioner's Motion for Reconsideration of Sentence. *See*, Order, 10/6/08.

APX.179

18. The Petitioner filed a Motion for Reduction or Reconsideration of Sentence on his own behalf, which the Court also denied. *See*, Motion for Reduction or Reconsideration of Sentence, 11/05/08; Order 11/13/08.

19. The Petitioner filed another Motion for Reduction of Sentence on his own behalf, which the Court again denied. *See*, Motion for Reduction of Sentence, 1/18/09; Order 1/22/09.

20. The Petitioner never appealed from that conviction or sentence. *See*, Record, *passim*.

21. Around the same time as the Petitioner filed his two Pro Se Motions for Reduction or Reconsideration of Sentence, the Court appointed counsel to represent the Petitioner in the filing a Petition for Writ of Habeas Corpus. Order Appointing Counsel, 12/8/08. For a time, this case proceeded under the number of the underlying criminal case, 08-F-81.

22. Petitioner filed a document with the West Virginia Supreme Court of Appeals entitled a Petition for Writ of Mandamus and Motion to Compel. The Supreme Court Ordered that it be considered a petition for writ of habeas corpus ad subjiciendum and directed his then-appointed counsel to file an amended petition and issued a rule returnable before this Court for the consideration of Petitioner's petition for writ of habeas corpus. *See*, Order W.Va. Supreme Court #091474, 1/14/2010 (available in 08-F-81 court file).

23. After Motions to Withdraw filed by four attorneys, Mr. Greenbaum was appointed to represent the Petitioner on or about February 23, 2011.

24. The Petitioner, through counsel Steven A. Greenbaum, filed this Petition for Writ of Habeas Corpus and *Losh* list. *See*, Petition for Writ of Habeas Corpus ad Subjiciendum; Checklist of Grounds for Post-Conviction Habeas Corpus Relief, 11-C-754, 9/12/11.

APX180

25. The Court entered an order directing the Respondent to file a response to the Petition. *See*, Amended Order Directing Respondent to Fully and Completely Respond to Petitioner's Writ of Habeas Corpus, 11-C-754, 11/30/11.

26. Petitioner was briefly released upon parole, and this Court dismissed the Petition as moot pursuant to Petitioner no longer being incarcerated. *See*, Order Dismissing Petition for Writ of Habeas Corpus, 11-C-754, 5/21/2012

27. However, Petitioner was apparently violated on Parole and again under incarceration upon this sentence. Thereafter, his counsel moved to reinstate this Petition. *See*, Motion to Reinstate Petition for Writ of Habeas Corpus Ad Subjiciendum, 10/24/2012. The Court granted the motion and the issues found in the Petition are now ripe for adjudication. *See*, Order Reinstating Petition, 11/20/2012.

## *Conclusions of Law*

Petitioner's collateral attack upon his conviction and sentence comes in the form of a Petition for Writ of Habeas Corpus brought pursuant to the West Virginia post-conviction habeas corpus statute, W.Va. Code §§ 53-4A-1, *et seq*.

The procedure surrounding petitions for writ of habeas corpus is "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." W. Va. Code § 53-4A-1(a); *State ex rel. Harrison v. Coiner*, 154 W. Va. 467 (1970). A habeas corpus proceeding is markedly different from a direct appeal or writ of error in that only errors involving constitutional violations shall be reviewed. Syl. Pt. 2, *Edwards v. Leverette*, 163 W. Va. 571 (1979).

"If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the

APX181

conviction and sentence . . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought." W. Va. Code § 53-4A-7(a).

If the court upon review of the petition, exhibits, affidavits, or other documentary evidence is satisfied that the petitioner is not entitled to relief the court may deny a petition for writ of habeas corpus without an evidentiary hearing. Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467 (1973); *State ex rel. Waldron v. Scott*, 222 W. Va. 122 (2008). Upon denying a petition for writ of habeas corpus the court must make specific findings of fact and conclusions of law as to each contention raised by the petitioner, and must also provide specific findings as to why an evidentiary hearing was unnecessary. Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201 (1997); Syl. Pt. 4., *Markley v. Coleman*, 215 W. Va. 729 (2004); R. Hab. Corp. 9(a). On the other hand, if the Court finds "probable cause to believe that the petitioner may be entitled to some relief . . . the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced . . . ." W. Va. Code § 53-4A-7(a). When reviewing the merits of a petitioner's contention the Court recognizes that "there is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." Syl Pt. 2, *State ex rel. Scott v. Boles*, 150 W. Va. 453 (1966). Furthermore, specificity is required in habeas pleadings, thus a mere recitation of a ground for relief without detailed factual support will not justify the issuance of a writ or the holding of a hearing. W. Va. Code § 53-4A-2; *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981). "When a circuit court, in its discretion, chooses to dismiss a habeas corpus allegation because the petition does not provide adequate facts to allow

APX 182

the circuit court to make a 'fair adjudiciation of the matter,' the dismissal is without prejudice." *Markley v. Coleman,* 215 W. Va. 729, 734 (2004), *see* R. Hab. Corp. 4(c). However, rather than dismissing without prejudice the court may "summarily deny unsupported claims that are randomly selected from the list of grounds," laid out in *Losh v. McKenzie. Losh v. McKenzie,* 166 W. Va. 762, 771 (1981); *Markley v. Coleman,* 215 W. Va. 729, 733 (2004).

A review on the merits is not necessary for certain contentions which the Court determines have been previously and finally adjudicated or waived. "West Virginia Code § 53-4A-1(b) (1981) states that an issue is 'previously and finally adjudicated' when, at some point, there has been 'a decision on the merits thereof after a full and fair hearing thereon' with the right to appeal such decision having been exhausted or waived, 'unless said decision upon the merits is clearly wrong.'" *Smith v. Hedrick,* 181 W. Va. 394, 395 (1989). A contention which has been previously finally adjudicated on the merits does not require consideration by this court and may be denied. W. Va. Code § 53-4A-7(a); W. Va. Code § 53-4A-3(a); *Losh v. McKenzie,* 166 W. Va. 762 (1981); *Smith v. Hedrick,* 181 W. Va. 394, 395 (1989) (finding that a refusal to hear a petition for appeal, as opposed to a decision to affirm, is not a final decision on the merits precluding all future consideration). Also, "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syl. Pt. 1, *Ford v. Coiner,* 156 W. Va. 362 (1972). So, any ground that a habeas petitioner could have raised on direct appeal, but did not, is presumed waived. Syl. Pts. 1 & 2, *Ford v. Coiner,* 156 W. Va. 362, 196 S.E.2d 91 (1972). In addition, any grounds not raised in this petition for habeas corpus are deemed waived. *Losh v. McKenzie,* 166 W. Va. 762 (1981).

APX183

I.    Voluntary Nature of Plea

The Petitioner claims that his plea was not voluntary because he was mentally incompetent in that he did not understand how this plea would affect this parole.

The West Virginia Supreme Court has held that "the test for mental competency to stand trial and the test for mental competency to plead guilty are the same." Syl. Pt. 2, *State v. Cheshire*, 170 W.Va. 218, 292 S.E.2d 628 (1982); Syl. Pt. 2, *State ex rel. Kessick v. Bordenkircher*, 170 W.Va. 331, 294 S.E.2d 134 (1982). Also,

> "To be competent to stand trial, a defendant must exhibit a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him.

Syl. Pt. 1, *State ex rel. Kessick v. Bordenkircher*, 170 W.Va. 331, 294 S.E.2d 134 (1982).

In so far as Petitioner's claim states that he was unaware of the consequences of his plea, the West Virginia Supreme Court has held:

> "A habeas petitioner may successfully challenge a guilty-plea conviction based upon an alleged violation of Rule 11 of the West Virginia Rules of Criminal Procedure only by establishing that the violation constituted a constitutional or jurisdictional error; or by showing that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty."

Syl. Pt. 10, *State ex rel. Vernatter v. Warden*, 207 W.Va. 11, 528 S.E.2d 207 (1999).

In this matter, it is quite clear that Petitioner's plea was voluntarily and intelligently made, and Petitioner's arguments are wholly unpersuasive.

APX.184

The record reflects that the Court engaged the Petitioner in a full dialogue, under oath, regarding those matters set forth in *Call v. McKenzie* and Rule 11 of the West Virginia Rules of Criminal Procedure. 159 W.Va. 191. *See also, Thomas v. Leverette*, 161 W.Va. 224 (1977). It is clear from a reading of the transcript that Petitioner was competent and understood what was going on. This is mostly evident from Petitioner's responses and inquiries during the colloquy. *See*, Findings of Fact, *supra*. Moreover, the Petitioner went on to inform the court that he had fully discussed the case with counsel, discussed possible defenses, received counsel's advice, and is satisfied with counsel. *Id.* at 18-19. Overall, the Petitioner responded coherently to the entirety of the Court's colloquy with him, and even asked the Court to clarify and explain the finer details of the dialogue for him until he indicated his understanding of them. This clearly shows competency.

Furthermore, the Petitioner provided a full factual basis sufficient to meet the elements of the tendered plea detailing his commission of the underlying offense. *See*, Plea and Sentencing Transcript, 14-15. This shows his understanding of what was going on.

Even more telling, Petitioner was evaluated by an expert, at the time and found to be competent. Petitioner admits that a professional forensic psychologist, Mr. Hal Slaughter, completed an evaluation on Petitioner just prior to the plea and sentencing hearing. This evaluation and opinion included an extensive review of Petitioner's medical and psychiatric history. After reviewing the Petitioner at the time of the plea, Mr. Slaughter found him to be competent to stand trial and able to understand the charges against him and the possible penalties he was facing. *See*, Petition at 3. Petitioner does not point out any reason why this evaluation is invalid. It is clear that any evaluation or investigation conducted now, would be significantly

APP185

less persuasive on whether Petitioner was competent at the time of the hearing, than the one done at the time of the hearing.

As for simply not knowing the consequences of his plea, the Court quite adequately reviewed the possible consequences upon parole. *See*, Plea and Sentencing Transcript, 16. ("Court: They may – I don't know, buy they will probably with this new conviction or this new charge that will probably hurt you looking at parole"). Further, the Court and counsel had a conversation with the Petitioner on the record about the consecutive nature of the sentences for his delivery of marijuana charge and his previous charge. The Petitioner has failed to demonstrate any error let alone error which resulted in a miscarriage of justice or which was inconsistent with fair procedure. *See, State ex rel. Vernatter v. Warden*, 207 W.Va. 11. The record reflects that the Petitioner was very much aware of the consequences of his plea, and he coherently and repeatedly indicated to the Court that he was so.

Reading the entire Plea and Sentencing Transcript, it is clear that Petitioner was fully advised of these issues on the record at the plea hearing, and was even extensively advised by counsel regarding them. His competency was wholly established by a quite recent psychological evaluation. He clearly knew of all the consequences prior to final entry of his plea, where he said "Yes, sir," when asked if, in light of all of those issues, he still wishes to go forward with his plea. Therefore, this claim is factually inaccurate and wholly without merit. So, the Court sees no need for an evidentiary hearing and the claim should be denied.

II.    Assistance of Counsel

Petitioner asserts ineffective assistance of counsel in three ways: (1) alleging trial counsel failed to directly challenge his lack of understanding of his guilty plea through a direct appeal,

APX186

(2) stating that he did not properly advise Petitioner regarding the effect of this plea on this parole violation, and (3) that he did not review the state's discovery with the Petitioner and was unaware of the state's deficiencies.

Both the Sixth Amendment to the Constitution of the United States and Article III, §14 of the Constitution of West Virginia assure not only the assistance of counsel in a criminal proceeding but that a defendant should receive "competent and effective assistance of counsel." *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996). In order to evaluate whether a defendant has received competent and effective assistance from their counsel West Virginia has adopted the two pronged test established by the United State Supreme Court in *Strickland v. Washington*. In order to prevail on a claim of ineffective assistance of counsel a petitioner under the two-prong test must show: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3 (1995) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)) (hereinafter "Strickland test"). "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W. Va. 3 (1995); Syl. Pt 2, *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996). "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's

APX 187

interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).

As to the matter *sub judice*, the Court finds each the contentions insufficient under the *Miller* and *Strickland* analysis.

Petitioner's first contention, that Trial Counsel failed to file a direct appeal based on his lack of understanding, rests upon Petitioner's argument that he lacked understanding and competency at the plea hearing. The Court has found herein that Petitioner' claims regarding competency and understanding are wholly unpersuasive and should be denied. As such, this contention too fails. It cannot be said that Trial Counsel's performance was deficient in not bringing an appeal on this issue when from the plea hearing it is clear that the Petitioner was competent and understood. Further, it is clear that there is almost no likelihood that the outcome would be different if trial counsel had brought an appeal. Therefore, Petitioner cannot meet the *Miller* and *Strickland* analysis with regard to this contention.

Petitioner's second contention under assistance of counsel is that trial counsel did not properly advise Petitioner on the effect of his guilty plea. This contention is factually inaccurate and insufficient under the standard. Petitioner's main thrust here is that Trial Counsel should have investigated "Petitioner's mental state and psychiatric history" prior to advising him to take this plea deal. Petitioner argues that if he had investigated Petitioner's current mental state, including what medications he was on, he would have advised him differently. Petitioner also states that he was not properly advised on the effect of his guilty plea on parole violations.

Yet, the record is clear that Trial Counsel acted reasonably. First Petitioner's argument is unpersuasive because Trial Counsel had Petitioner fully evaluated by a professional forensic psychologist. This evaluation is not only a reasonable decision for Trial Counsel to make on this



issue under the circumstances, but a cautious one. Further, Trial Counsel had "at least ten appointments" and "several" phone conversations where Petitioner and he "talked about this case every which way we can look at it." Petitioner did not disagree with these representations made by Trial Counsel at the hearing. Last, it is clear that the Court reviewed all consequences from of this plea, including the consequences to his parole. So, not only did Trial Counsel at reasonably, but there can be no argument that the outcome would be any different, because Petitioner was made aware of the consequences at the plea hearing and chose to still go forward. Therefore, Petitioner cannot meet the *Miller* and *Strickland* analysis with regard to this contention.

Last, Petitioner's contention with regard to reviewing the evidence appears factually inaccurate and is insufficient under the standard. As noted *supra*, Petitioner and Trial Counsel agreed that Trial Counsel had "at least ten appointments" and "several" phone conversations where Petitioner and he "talked about this case every which way we can look at it." Therefore, Petitioner cannot meet the first prong of *Miller* and *Strickland* analysis with regard to this contention, because it appears factually inaccurate.

As a final note on effective assistance of counsel, the Court finds that Petitioner has continued to always speak up without reservation when he feels his counsel is not acting appropriate. Petitioner's first counsel, the Public Defender's Office filed a motion to withdraw from representation of the Petitioner based upon a breakdown in communication that was specifically noted to be because of the Petitioner's inherent distrust of public defenders. *See,* Motion to Withdraw, 10/9/07. Petitioner's next counsel, Mr. Barrat also moved to withdraw as counsel for the Petitioner after the Petitioner was so displeased with his representation that the Petitioner filed an ethics complaint with the State Bar. *See,* Motion to Withdraw as Counsel, 12/3/07. Also, the Petitioner has had a total of five (5) attorneys appointed to his case post-



conviction with current counsel, Mr. Greenbaum, being the fifth. *See*, Order Appointing Counsel, 12/8/08, Motion to Withdraw as Counsel, 1/16/09; Order, 1/16/09; Order Substituting Counsel, 1/19/10; Motion for Leave to Withdraw, 3/23/10; Order Allowing Withdrawal of Counsel, 3/24/10; Order Appointing Counsel, 4/28/10; Motion to Withdraw, 2/10/11; Order Granting Motion to Withdraw and Appointing Substitute Counsel, 2/23/11. Therefore, it is clear to this Court that at the time Petitioner was willing to state whether he felt his counsel was deficient did not do so. Since Trial Counsel stated, without objection from Petitioner, that he went over all the evidence, that he met with Petitioner, and that the decision to plead guilty Petitioner's decision after looking at the case from every which way, this shows the Court these representations are very likely true.

Therefore, Petitioner cannot meet the *Miller* and *Strickland* analysis with regard to any contentions under his claim of ineffective assistance of counsel, and so there can be no cumulative error regarding this claim. So, Petitioner is entitled to no relief on this claim, and the Court sees no need for an evidentiary hearing.


III.     Sufficiency of the Evidence

Petitioner claims that the evidence against him was insufficient to support a conviction. However, due to Petitioner's knowing and voluntary guilty plea, this claim has been waived.

"A knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects." *State v. Proctor*, 227 W.Va. 352, 709 S.E.2d 549 (2011). "Claims[...], such as unlawfully or unconstitutionally obtained evidence or illegal detention generally will not survive a plea bargain." *State v. Legg*, 207 W.Va. 686, 536 S.E.2d 110, n.7 (2000). Therefore, a sufficiency of

APX 190

evidence claim is not reviewable upon a guilty plea. *U.S. v. Mason*, 15 Fed. Appx. 177 (C.A. 4, 2001).

Despite Petitioner's arguments regarding the video tape, this Court will not review the evidence that supports this conviction for which Petitioner knowingly, voluntarily, and with advice of counsel admitted his guilt and gave a factual recitation of what he did which constituted this crime. Clearly, Petitioner's plea was intended to waive evidentiary issues and admit his guilt, this stands as a waiver of this claim. Petitioner cannot fail to challenge the evidence against him and thereafter raise a claim regarding its sufficiency when his sentence and parole does not go as expected. This theory is embodied in West Virginia's Law regarding waiver, including the law regarding waiver of constitutional rights. *See, Proctor*, 227 W.Va. 352; Syl. Pts. 1 & 2, *Ford v. Coiner*, 156 W. Va. 362; *State v. Asbury*, 187 W.Va. 87, 91 (1992) ("Generally the failure to object constitutes a waiver of the right to raise the matter on appeal."); *Yakus v. United States*, 321 U.S. 414, 444, 64 S.Ct. 660, 677, 88 L.Ed. 834 (1944) ("No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right").

So, Petitioner's sufficiency of evidence claim is not reviewable by this Court, and he is entitled to no relief on this claim and the Court sees no need for an evidentiary hearing.


IV.     Credit for Time Served

Petitioner alleges that at the plea and sentencing hearing he was not properly advised of what credit he would get for time served. This allegation is factually inaccurate and does not entitle Petitioner to relief.

APX 191

The Court, the Petitioner, and Petitioner's counsel did discuss on the record that, at the time of sentencing, the Petitioner had already admitted to a number of parole violations in case 05-F-59 and was ordered to resume service of his sentence therein for the felony offense of Retaliation Against a Public Official. The Petitioner noted that he had been at the Eastern Regional Jail for a lengthy amount of time at that point. It was also discussed on the record that the Petitioner's sentence in the instant matter would be served consecutively to the parole violation in 05-F-59, such that he would not begin this sentence until he either discharged that sentence or was re-paroled thereon. *See,* State's Plea Offer, 6/27/08, Conviction and Sentencing Order, 6/30/08; Plea and Sentencing Transcript, 21-22.

So, it is clear from the record that Petitioner was aware of the credit for time served that he would receive, and the allegation is factually inaccurate. Therefore, Petitioner is entitled to no relief on this claim and the Court sees no need for an evidentiary hearing.

Also, the Court finds that, on his filed, signed and verified *Losh* list, Petitioner expressly waived several grounds (numbers 1-5, 9-10, 14-20, 22-44, 46, 48, 51). *See, Losh* List. The record is plain that the Petitioner is not entitled to any relief on the expressly waived grounds and the Court should not grant any relief based upon them. *Losh v. McKenzie,* 166 W. Va. 762; W. Va. Code § 53-4A-3(a), -7(a); *Perdue v. Coiner,* 156 W. Va. 467.

After this full review, the Court has found that each of Petitioner's claims do not merit an evidentiary hearing, and should be denied. Therefore, there can be no cumulative effect and this Petition, in whole, must be denied.

Accordingly, the Court DENIES Petitioner's Petition for Post-Conviction Habeas Corpus Relief. The Court notes the objections and exceptions of the parties to any adverse ruling herein.

Therefore it is hereby ADJUDED and ORDERED that Petitioner David T. Walls's Petition for Writ of Habeas Corpus ad Subjiciendum is DENIED.

The Court directs the Circuit Clerk to distribute attested copies of this order to the following counsels of record:

**Counsel for Petitioner:**
Steven Greenbaum, Esq.
123 W. Burke Street, Suite 101
Martinsburg, WV 25401

**Counsel for Respondent:**
Cheryl Saville, Esq.
380 W. South Street, Suite 1100
Martinsburg, WV 25401

CHRISTOPHER C. WILKES, JUDGE
TWENTY-THIRD JUDICIAL CIRCUIT
BERKELEY COUNTY, WEST VIRGINIA

APX 193