601 S.E.2d 49

**Brian K. MARKLEY, Petitioner Below, Appellant,**

v.

**Michael COLEMAN, Acting Warden, Mt. Olive Correctional Complex, Respondent Below, Appellee.**

**No. 31509.**

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 27, 2004.

Filed: June 18, 2004.

Albright, J., dissented and filed opinion.

Brian K. Markley, *Pro se.*

Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, for Appellee.

PER CURIAM.

The appellant Brian K. Markley appeals from a Berkeley County Circuit Court's order denying the appellant's second petition for a writ of habeas corpus.

We affirm the circuit court's order.

### I.

In January of 1992, the appellant was tried and convicted of two counts of first degree sexual assault, one count of malicious assault, and one count of attempted murder in the second degree.[1] The appellant then filed a direct appeal to this Court. In October of 1993, this Court refused the appellant's petition without discussion.

The appellant, with the assistance of counsel, then filed his first habeas corpus petition in circuit court. In December of 1998, the circuit court held an omnibus hearing, and, in May of 1999, the circuit court issued a detailed order denying all of the appellant's grounds for seeking a writ of habeas corpus. The appellant appealed from the circuit court's May 1999 order, and in March of 2000, this Court refused the appellant's petition.

In April of 2002, the appellant—without the assistance of counsel—filed a second habeas corpus petition in circuit court. In his

---

1. The circuit court sentenced the appellant to two terms of fifteen to twenty years for the two first degree sexual assault convictions, a two to ten year term for the malicious assault conviction, and a term of one year for the attempted murder conviction, with all terms to run consecutively.

second habeas corpus petition, the appellant reargued all of the allegations that the appellant had raised by counsel in the appellant's original habeas corpus petition. The appellant also alleged for the first time that the appellant's original habeas corpus counsel had acted ineffectively. In this appeal, we only address the allegation of ineffective assistance of habeas corpus counsel.[2]

As factual support for the appellant's ineffective assistance of habeas corpus counsel claim, the appellant alleged that counsel failed to "investigate any of the evidence," that counsel "did not speak to any of the witnesses," and that counsel "did not focus on any other issues, other than the issue of ineffective [assistance of] counsel [at the trial level]." [3] The appellant also alleged that his habeas corpus counsel was "not properly prepared or experienced" and "did not file documents that [the appellant] asked him to file" at the appellant's original habeas corpus hearing.

On June 11, 2002, without a hearing, the circuit court entered an order .denying the appellant's petition for habeas corpus relief. In its order, the circuit court readdressed all the habeas corpus allegations raised in the appellant's first habeas corpus petition and found that those allegations were previously and finally adjudicated. Further, the circuit court found that the appellant "does not raise any of the three exceptions, namely ineffective assistance of counsel at the omnibus hearing; newly discovered evidence; or change in law which is favorable to petitioner [the appellant]. Therefore, pursuant to *Losh* [*v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981)], the [circuit] court will summarily deny the petition." [4]

The appellant, *pro se*, appeals from the circuit court's June 2002 order; the appellant argues that the circuit court erred in denying the appellant's petition for a second writ of habeas corpus.

In July of 2003, this Court accepted the appellant's second habeas corpus petition.[5]

## II.

■ In *State ex rel. Valentine v. Watkins,* 208 W.Va. 26, 537 S.E.2d 647 (2000), this Court discussed the standard for review of a circuit court's decision to grant or to deny a habeas corpus petition. "When considering whether such a petition requesting post-conviction habeas corpus relief has stated grounds warranting the issuance of the writ, courts typically are afforded broad discretion." 208 W.Va. at 31, 537 S.E.2d at 652. However, courts do not have unlimited discretion when granting or denying petitions for writs of habeas corpus. "This discretion is not unlimited, however, and the court must be guided by the necessities of each particular case." *Gibson v. Dale,* 173 W.Va. 681, 688–89, 319 S.E.2d 806, 813 (1984).

■ West Virginia's post-conviction habeas corpus statute, *W.Va.Code,* 53–4A–1 through –11 [1967] and the *Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia* [1999] ensure that a petitioner's due process rights are protected. The post-conviction habeas corpus proceedings provide a petitioner with the opportunity to "raise any collateral issues which have not previously been fully and fairly litigated." *Losh v. McKenzie,* 166 W.Va. 762, 764, 277 S.E.2d 606, 609 (1981). At the omnibus ha-

**2.** This is the appellant's second habeas corpus petition. In denying the appellant's first habeas corpus petition in May of 1999, the circuit court thoroughly addressed all of the grounds raised by the appellant. In his second habeas corpus petition, the only new ground alleged by the appellant is the ineffective assistance of habeas corpus counsel allegation.

**3.** The appellant was represented by different attorneys in his 1992 jury trial and his 1998 omnibus hearing.

**4.** The appellee, the Berkeley County Prosecutor's ·Office, acknowledges that the appellant raised

the claim of ineffective assistance of habeas corpus counsel in the appellant's second petition for a writ of habeas corpus. In its brief to this Court, the appellee stated that "it appears there is one main issue presented. That is the Circuit Court's ruling that the appellant did not raise in this second habeas petition an issue of ineffective assistance of counsel at his prior omnibus hearing. The record reflects that appellant did raise the issue [of ineffective assistance of habeas corpus counsel] as Ground 16[.]"

**5.** *See supra,* note 2.

beas corpus hearing, a petitioner is required to raise all grounds known or that reasonably could be known by the petitioner. "Our post-conviction habeas corpus statute ... clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding[.]" Syllabus Point 1, in part, *Gibson v. Dale*, 173 W.Va. 681, 319 S.E.2d 806 (1984).

At subsequent habeas corpus hearings, any grounds raised at a prior habeas corpus hearing are considered "fully adjudicated" and need not be addressed by the circuit court. "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known[.]" Syllabus Point 4, in part, *Losh v. McKenzie*.

Because a petitioner is required to raise all known grounds at their first habeas corpus hearing, there are only a few narrow grounds upon which circuit courts will grant additional habeas corpus hearings. "[A]n applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syllabus Point 4, in part, *Losh v. McKenzie*.

Circuit courts have the discretion to deal with habeas corpus allegations in several different ways. A circuit court may "summarily deny unsupported claims that are randomly selected from the list of grounds" found in the *Losh* opinion. 166 W.Va. at 771, 277 S.E.2d at 612. Syllabus Point 1 of *Per-*

*due v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) states that "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."

A circuit court may find that a habeas corpus allegation has been previously waived or adjudicated. If a circuit court finds that a petitioner is "entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment." *W.Va.Code*, 53–4A–3(a) [1981]. The circuit court's dismissal order must contain "specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived." Rule 4(c), *Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia* [1999].[6]

Finally, a circuit court may find that it lacks adequate information to make a ruling on a habeas corpus allegation.[7] When the circuit court finds that "the petitioner may have grounds for relief but the petition, as filed, is not sufficient for the court to conduct a fair adjudication of the matters raised in the petition," the circuit court may then appoint an attorney to "represent the petitioner's claims in the matter[.]" Rule 4(b), *Rules*

---

6. Rule 4(c) of the *Rules Governing Post–Conviction Habeas Corpus Proceedings* states:
 The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. If the petition contains a mere recitation of grounds without adequate factual support, the

court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal.

7. A petition containing a habeas corpus allegation lacking adequate factual support differs greatly from a habeas corpus allegation, with no support in the record, "randomly selected" from the list of possible habeas corpus allegations. *Losh*, 166 W.Va. at 771, 277 S.E.2d at 612. The first lacks factual support; the second lacks merit.

734

*Governing Post–Conviction Habeas Corpus Proceedings in West Virginia* [1999].[8]

■ In the alternative, when a circuit court finds that a petition "contains a mere recitation of grounds without adequate factual support, the circuit court may enter an order dismissing the petition, without prejudice, with directions that the petitioner be re-filed containing adequate factual support." Rule 4(c), *Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia*. Whether in the first habeas corpus petition or a subsequent habeas corpus petition, habeas corpus allegations must have adequate factual support. "A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh,* 166 W.Va. at 771, 277 S.E.2d at 612.

■ When a circuit court, in its discretion, chooses to dismiss a habeas corpus allegation because the petition does not provide adequate facts to allow the circuit court to make a "fair adjudication of the matter," the dismissal is without prejudice. Rule 4(c), *Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia.* A circuit court cannot act to render a potentially meritorious habeas corpus allegation as having been "finally adjudicated" without addressing the merits of the habeas corpus allegation in some fashion on the record. "While we do not believe that a prisoner [petitioner] is entitled to habeas corpus upon habeas corpus, we will not invoke *res judicata* principles until the prisoner [petitioner] has had a full and fair opportunity with the assistance of counsel to litigate all issues at some stage of the proceedings." *Losh,* 166 W.Va. at 766–767, 277 S.E.2d at 610 (internal citations omitted). "The *Gibson* [*v. Dale* ] Court noted that the statute clearly contemplates that a petitioner for post-conviction habeas corpus review is entitled to careful consideration of

his claims for relief. . . . This meticulous consideration is mandated 'in order to assure that no violation of [petitioner's] due process rights could have escaped the attention of either the trial court or the Supreme Court of Appeals.' " *Mugnano v. Painter,* 212 W.Va. 831, 835, 575 S.E.2d 590, 594 (2002) (Albright, J. dissenting) (internal citations omitted).

■ In deciding to grant or deny relief, circuit courts must make adequate findings of fact and conclusions of law related to the petitioner's habeas corpus allegations. "[A] [c]ircuit court denying or granting relief in [a] habeas corpus proceeding is statutorily required to make specific findings of fact and conclusions of law relating to each contention advanced by petitioner, and to state [the] grounds upon which [the] matter was determined." Syllabus Point 1, *State ex rel. Watson v. Hill,* 200 W.Va. 201, 488 S.E.2d 476 (1997).

The appellant argues that the circuit court erred in denying his second petition for a writ of habeas corpus.[9] In the instant case, the circuit court made no finding on the issue of ineffective assistance of habeas corpus counsel. Instead, the circuit court erroneously found that the appellant had not raised the ground of ineffective assistance of habeas corpus counsel—leaving the merits of appellant's ineffective assistance of habeas corpus counsel unaddressed.

■ As noted, the appellant clearly raised the issue of ineffective assistance of habeas corpus counsel.[10] However, the appellant did not provide adequate factual support for his allegation of ineffective assistance of habeas corpus counsel. The appellant's statements are blanket assertions and do not provide adequate factual support from which the circuit court can make a ruling on the allegation of ineffective assistance of habeas corpus counsel. Therefore,

**8.** Rule 4(b) of the *Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia* [1999] states, in pertinent, part:

> If, upon initial review of the petition and any exhibits in support thereof, the court determines that the petitioner may have grounds for relief but the petition, as filed, is not sufficient for the court to conduct a fair adjudication of

the matters raised in the petition, the court shall appoint an attorney to represent the petitioner's claims in the matter[.]

**9.** *See supra,* note 2.

**10.** *See supra,* note 4.

we affirm the circuit court's order denying the appellant's petition for a writ of habeas corpus.[11]

 Because the appellant had not previously waived the issue of ineffective assistance of habeas corpus counsel, nor has the circuit court "fully addressed" the issue, the circuit court's dismissal of the appellant's ineffective assistance of habeas corpus counsel allegation for a lack of factual support is not a "final adjudication." The appellant may re-file his petition, with adequate factual support, pursuant to Rule 4(c) of *Rules Governing Post–Conviction Habeas Corpus Proceedings in West Virginia.*

### III.

We affirm the circuit court's order dismissing the appellant's second habeas corpus petition. We further find that the circuit court's dismissal of the appellant's petition is without prejudice, and the appellant may re-file his petition.

Affirmed.

Justice ALBRIGHT dissents and reserves the right to file a dissenting opinion.

ALBRIGHT, Justice, dissenting.

I dissent from the result and the reasoning in this opinion for the reasons set forth in my dissent in a case of similar structure and effect, *Mugnano v. Painter,* 212 W.Va. 831, 834, 575 S.E.2d 590, 593 (2002). As in *Mugnano,* appellant here deserved legal representation to fully evaluate and present the particular grounds for habeas corpus relief.

---

11. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syllabus Point 3, *Barnett v. Wolfolk,* 149 W.Va. 246, 140 S.E.2d 466 (1965).