# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Larry James Williams,**
**Petitioner Below, Petitioner**

**vs) No. 14-0590** (Kanawha County 14-P-247)

**Lance Yardley, Warden,**
**Pruntytown Correctional Center,**
**Respondent Below, Respondent**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Larry James Williams appeals the Circuit Court of Kanawha County's May 23, 2014, order denying his petition for writ of habeas corpus. Respondent Lance Yardley, Warden, by counsel Laura Young, filed a response and a supplemental appendix.[1] On appeal, petitioner alleges that the circuit court erred in denying him habeas relief without appointing counsel or holding an omnibus evidentiary hearing, and that his constitutional rights were violated by the State's failure to provide him with exculpatory evidence and his trial counsel's failure to challenge the illegal search of his home and his unlawful arrest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

After petitioner was indicted on two counts of possession with intent to deliver cocaine, one count of conspiracy to deliver heroin, and one count of possession with intent to deliver heroin, the State offered petitioner a plea agreement in October of 2013. Pursuant to the agreement, petitioner would plead guilty to one count of conspiracy to deliver heroin and the State would dismiss the remaining counts of the indictment, recommend probation, and not seek a recidivist enhancement against petitioner. Petitioner ultimately accepted this plea agreement. That same day, petitioner entered his guilty plea in the circuit court. Petitioner was thereafter released on bond.

---

[1]In the circuit court proceeding, the actual respondent was Craig Adkins, Administrator of South Central Regional Jail where petitioner was housed at the time his petition was filed. Petitioner has subsequently been transferred to Pruntytown Correctional Center. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the appropriate party has been substituted in the style of this matter.

After failing to appear for his initial disposition, petitioner was brought before the circuit court for sentencing in January of 2014, after being arrested on unrelated domestic violence charges. The State abided by the agreement and recommended probation, but the circuit court imposed a term of incarceration of one to five years. In May of 2014, petitioner filed a pro se petition for writ of habeas corpus in the circuit court alleging that he was subjected to unlawful search and seizure, his arrest was unlawful, the State failed to provide exculpatory evidence, and his counsel was ineffective. However, according to the record on appeal, petitioner provided no evidence or other documents in support of his petition in the circuit court.[2] Approximately one week later, the circuit court entered an order dismissing petitioner's petition for writ of habeas corpus without appointing counsel or holding an omnibus evidentiary hearing. It is from the resulting order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

To begin, we find no error in the circuit court denying the petition for writ of habeas corpus without first appointing an attorney to represent petitioner or holding an omnibus evidentiary hearing. We have previously held that a circuit court

> "may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, in part, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). According to the record, petitioner filed no supporting documentation for his petition and instead relied solely upon his own assertions that he was entitled to habeas relief. As such, the circuit court was within its discretion to deny the petition because it failed to show that petitioner was entitled to relief. For these reasons, the Court finds no error in the circuit court denying the petition for writ of habeas corpus without appointing counsel to represent petitioner or holding an omnibus evidentiary hearing.

---

[2]Similarly, petitioner provided no documents in support of his petition for appeal to this Court. The only appendix in this matter is respondent's supplemental appendix.

2

As to petitioner's allegations that the circuit court erred in denying his petition because he was subjected to an illegal search and seizure and an unlawful arrest, and that the State failed to provide him with exculpatory evidence, the Court finds no merit in these arguments. As in the circuit court, petitioner has provided no evidence or other documentation in support of these allegations on appeal. The Court notes that petitioner has not identified any exculpatory evidence that he alleges was inappropriately withheld, other than an assertion that a criminal complaint was later filed against an individual present in petitioner's home during the arrest for undisclosed charges. While petitioner argues that, as a pro se petitioner, he could not provide specific details in support of his claims, such specificity does not require legal knowledge, only an ability to identify evidence that was favorable to his defense. In the present case, petitioner has not attempted to explain how such evidence is exculpatory nor has he established that the State was in possession of said evidence prior to his plea agreement, as no supporting documentation establishes when this criminal complaint was filed. Moreover, petitioner has provided no evidence that would establish his arrest was unlawful or that he was subjected to an illegal search and seizure. Further, as the circuit court noted, the order accepting petitioner's plea specifically states that by entering the plea agreement, petitioner "waive[d] all pre-trial defects with regard to, among others, his arrest, [and] the gathering of evidence." As such, the Court finds no error in the circuit court summarily dismissing these claims.

Finally, petitioner reasserts his claim that he received ineffective assistance of counsel below. In support, petitioner argues that his counsel provided ineffective assistance in recommending he accept the plea agreement because he failed to properly investigate the matter or move to suppress illegally obtained evidence. The Court, however, does not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on ineffective assistance of counsel, which was also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to this assignment of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's claim of ineffective assistance of counsel and direct the Clerk to attach a copy of the circuit court's May 23, 2014, "Final Order Refusing Petition For Writ Of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA
ex rel. LARRY JAMES WILLIAMS,
    Petitioner,

v.                                          Civil Action No. 14-P-247
                                            Judge Louis H. Bloom

CRAIG ADKINS, Administrator,
SOUTH CENTRAL REGIONAL JAIL,
    Respondent.

## FINAL ORDER REFUSING
## PETITION FOR WRIT OF HABEAS CORPUS

Pending before the Court is a *Petition under W. Va. Code § 53-4A-1 for Writ of Habeas Corpus (Petition)* filed by the *pro se* Petitioner, Larry James Williams (Mr. Williams), on May 15, 2014. Mr. Williams is currently serving a one-to-five year sentence after pleading guilty to Conspiracy to Commit the crime of Possession with Intent to Deliver Heroin as contained in Criminal Action No. 12-F-796. In the instant *Petition*, Mr. Williams seeks habeas relief on the basis that (1) his "conviction [was] obtained by use of evidence gained pursuant to an unconstitutional search and seizure"; (2) his "conviction [was] obtained by use of evidence obtained pursuant to an unlawful arrest"; (3) his "conviction [was] obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant"; and (4) "denial of effective assistance of counsel." Upon review of the *Petition*, the record, and the applicable law, the Court is of the opinion that Mr. Williams's *Petition* should be refused.

1

## FINDINGS OF FACT

1. On October 18, 2013, the Petitioner appeared by counsel, Frederick Holroyd, and the State of West Virginia appeared by counsel, James Bailey, Assistant Prosecutor for Kanawha County, West Virginia, for a hearing on the Petitioner's decision to plead guilty.[1]

2. After extensive inquiry of both the Petitioner and his counsel, the Court found, that the Petitioner understood, *inter alia*, "by pleading guilty he waives all pre-trial defects with regard to, among others, his arrest, the gathering of evidence and prior confessions, as well as, all non-jurisdictional defects in this criminal proceeding."[2] The Court found "the defendant, has counsel, competent in criminal matters, and the defendant is totally satisfied with the representation and advice he has received from said counsel; that the defendant has consulted with, and has been advised by his counsel, with respect to his constitutional rights and his waiver thereof. . . ."[3] Finally, the Court accepted an unconditional plea of guilty and found "the defendant has knowingly and intelligently waived all of his constitutional rights, and, that he freely, voluntarily, intelligently, knowingly, and understandingly tendered unto this Court both his oral and written plea of guilty to the charge of Conspiracy to Commit Possession with Intent to Deliver Heroin, a provable offense as contained in Count Three of said indictment."[4] The Court ordered that Counts One, Two, and Four in felony indictment number 12-F-796 be dismissed and stricken from the docket.

3. On January 28, 2014, the Court sentenced the Petitioner to "the penitentiary of this State for an indeterminate term of not less than one (1) nor more than five (5) years, plus court costs,

---

[1] *Order Accepting Plea of Guilty*, Case No. 12-F-796, Oct. 18, 2013.
[2] *Id.*
[3] *Id.*
[4] *Id.*

2

with credit for time spent in jail awaiting trial and conviction, which credit for time so spent in jail is one hundred thirty-three (133) days."[5]

## DISCUSSION

4. With regard to the Petitioner's first and second assignments of error, the West Virginia Supreme Court has made clear that claims of Fourth Amendment violations do not survive a plea bargain:

> As a general rule, an unconditional plea of guilty or nolo contendere, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. Although a defendant may still challenge the sufficiency of the indictment or other defects bearing directly upon the State's authority to compel the defendant to answer to charges in court, claims of nonjurisdictional defects in the proceedings, such as unlawfully obtained evidence and illegal detention, generally will not survive the plea. An exception to this general rule is a plea conditioned upon the right to appeal certain pretrial rulings.[6]

In the instant matter, the Petitioner unconditionally pled guilty to the crime of Conspiracy to Commit Possession with Intent to Deliver Heroin. The Petitioner knowingly, voluntarily, and intelligently waived his "all pre-trial defects with regard to . . . the gathering of evidence."[7] As such, the Petitioner waived his right to assert these grounds as bases for habeas corpus when he pled guilty.

5. With regard to the Petitioner's third assignment of error, the Petitioner offers no support for his contention that the State failed to disclose favorable evidence. Under *Brady v. Maryland,* "the suppression by the prosecution of evidence favorable to an accused . . . violates due process

---

[5] *Sentencing Order,* Case No. 12-F-796, Jan. 31, 2014.
[6] *State v. Lilly,* 194 W. Va. 595, 605–606, 461 S.E.2d 101, 111–112 (1995); *see, e.g., Tollett v. Henderson,* 411 U.S. 258 (1973); *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981). In West Virginia, conditional pleas are authorized by Rule 11(a)(2) of the Rules of Criminal Procedure.
[7] *Order Accepting Plea of Guilty,* Case No. 12-F-796, Oct. 18, 2013.

3

where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."[8] Thus, there are three components of a *Brady* violation: (1) The evidence at issue must be favorable to the accused; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued.[9] In the instant matter, the Petitioner does not name, describe, or allude to any favorable evidence that could have been suppressed by the State. Thus, the Petitioner's contention is without merit.

6. With regard to the Petitioner's fourth assignment of error, the Petitioner asserts that Mr. Holroyd was ineffective because he "should have known . . . that the evidence relied on was illegally obtained."[10]

7. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[11]

8. With regard to the first prong of the test, a petitioner must first "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[12] The petitioner's burden in this regard is heavy because there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[13] "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside

---

[8] *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see United States v. Agurs*, 427 U.S. 97 (1976); *State v. Youngblood*, 221 W. Va. 20, 27–28, 650 S.E.2d 119, 126–127 (2007).

[9] *Youngblood*, 221 W. Va. at 28, 650 S.E.2d at 127.

[10] *Petition*.

[11] Syl. pt. 5, *State v. Miller*, 194 W. Va. 3, 6, 459 S.E.2d 114, 117 (1995).

[12] *State ex rel. Myers v. Painter*, 213 W. Va. 32, 35, 576 S.E.2d 277, 280 (2002) (quoting Strickland, 466 U.S. at 690, 104 S.Ct. at 2066); *Miller*, 194 W. Va. at 15, 459 S.E.2d at 126.

[13] *Id.* at syl. pt. 4 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

4

the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. . . ."[14] Therefore, a reviewing court must ask "whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue."[15] Moreover, counsel's strategic decisions must rest upon a reasonable investigation enabling him or her to make informed decisions about how to represent criminal clients.[16]

9. With regard to the second prong of the test, a petitioner must show that counsel's performance, if deficient, adversely affected the outcome in a given case.[17] Therefore, a petitioner must demonstrate that the complained-of deficiency or errors of counsel resulted in prejudice or a "reasonable probability" that, in the absence of such error, the result of the proceedings would have been different.[18]

10. Finally, in deciding an ineffective assistance of counsel claim, the Supreme Court of Appeals of West Virginia has stated that a court may dispose of such claim "based solely on a petitioner's failure to meet either prong of the [*Strickland*] test."[19]

11. The State agreed to drop Count One, Two, and Four if the Petitioner pled guilty to Count Three, which the State did and is reflected in the *Order Accepting Plea of Guilty* entered by this Court on October 18, 2013. By pleading guilty, the Petitioner avoided a sentence that could have exceeded thirty years.[20] Considering the circumstances, Mr. Holroyd acted as a reasonable lawyer would have acted, and the Petitioner has failed to demonstrate how Mr. Holroyd's advice was not the result of reasonable professional judgment. Further, assuming the first prong of the

---

[14] Syl. pt. 6, *Miller*, 194 W. Va. 3, 459 S.E.2d 114.
[15] *Id.*
[16] Syl. pt. 3, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 423 (1995).
[17] *Painter*, 213 W. Va. at 36, 576 S.E.2d at 281.
[18] *Id.*
[19] Syl. pt. 5, *Legursky*, 195 W. Va. 314, 465 S.E.2d 416.
[20] *See* W. Va. Code §§ 61-10-31, 60A-4-401.

5

*Strickland* analysis is satisfied, the Petitioner has failed to show that the result of the proceedings would have differed had Mr. Holroyd not advised the Petitioner to plead guilty to Count Three in exchange for having Count One, Two, and Four dropped.

## CONCLUSIONS OF LAW

10. The Court finds and concludes the Petitioner's arguments invoking the Fourth Amendment are without merit as the Petitioner waived all objections pertaining to nonjurisdictional defects, including unlawfully obtained evidence and illegal detention.

11. The Court finds and concludes the Petitioner has failed to identify any favorable evidence that the State failed to disclose to him.

12. The Court finds and concludes the Petitioner has failed to demonstrate that Mr. Holroyd's performance was deficient under an objective standard of reasonableness and has failed to demonstrate that the result of the proceedings would have differed had Mr. Holroyd not advised the Petitioner to plead guilty in exchange for having Count One, Two, and Four dropped and dismissed.

13. Under section 53-4A-3(a) of the West Virginia Code, the Court may refuse the petition if it is satisfied that the petitioner is entitled to no relief after the court reviews the petition, the documentary evidence, the underlying record, as well as the record of any other prior petition.[21]

14. Upon review of the *Petition*, the documentary evidence, and the underlying record, and finding no record of any prior petition, the Court finds and concludes that the four grounds raised in the *Petition* are without merit.

---

[21] W. Va. Code § 53-4A-3(a).

6

## DECISION

Accordingly, the Court does hereby **ORDER** that the habeas *Petition* be **REFUSED** and this action be **DISMISSED** and **STRICKEN** from the docket of this Court. The objection of the Petitioner is noted and preserved. The Clerk is **DIRECTED** to send a certified copy of this *Order* to the Kanawha County Prosecuting Attorney's Office and to the parties and counsel of record.

ENTERED this 23 day of May 2014.

_____
Louis H. Bloom, Judge

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT
DAY OF
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA



7