# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kevin Andre Boxley,**
**Petitioner Below, Petitioner**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-1006** (Jefferson County 99-F-25)

**Scott E. Paugh, Warden,**
**Martinsburg Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Andre Boxley, by counsel Dylan K. Batten, appeals the Circuit Court of Jefferson County's September 4, 2014, order denying his petition for writ of habeas corpus. Respondent Scott E. Paugh, Warden, by counsel Brandon C.H. Sims, filed a response and a supplemental appendix.[1] On appeal, petitioner alleges that the circuit court erred in failing to make specific findings of fact and conclusions of law, failing to state whether the grounds raised in the amended petition were adjudicated or waived, failing to indicate whether the grounds raised were dismissed with prejudice, and in denying the petition without holding an omnibus evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 1999, petitioner was convicted, by jury, of one count of fleeing an officer and one count of aggravated robbery, now first-degree robbery. The circuit court thereafter sentenced petitioner to a determinate term of forty years of incarceration for his conviction of aggravated robbery and one year in the regional jail for his conviction of fleeing an officer, said sentences to run concurrently. Petitioner thereafter filed a petition for writ of habeas corpus in the circuit court. After petitioner filed, by counsel, an amended petition for writ of habeas corpus, the circuit court entered an order in July of 2002 denying the petition, in part, and setting the matter for an omnibus evidentiary hearing. The circuit court held that hearing on February 3, 2003, after which it denied the amended petition for writ of habeas corpus by order entered on

---

[1]In the circuit court proceeding, the actual respondent was John J. Sheeley, Administrator of Eastern Regional Jail where petitioner was housed at the time his petition was filed. Petitioner has subsequently been transferred to Martinsburg Correctional Center. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the appropriate party has been substituted in the style of this matter.

April 28, 2003.

Thereafter, petitioner filed a petition for writ of habeas corpus with this Court. Subsequently, by order entered in October of 2005, we directed the circuit court to re-enter its April of 2003 order denying petitioner habeas corpus relief so that petitioner could appeal the same. The circuit court re-entered its order denying petitioner habeas relief on June 6, 2006, and petitioner appealed the same to this Court. By order entered on February 26, 2007, we issued an order refusing petitioner's appeal.

In April of 2012, petitioner filed a pro se petition for writ of habeas corpus in the circuit court alleging that his prior habeas counsel was ineffective, that newly discovered evidence existed concerning trial counsel's ineffectiveness, and that an amendment to the statute under which he was convicted was favorable to him. That petition was summarily denied by order entered on June 21, 2012. The next month, the circuit court entered a second order summarily denying petitioner's renewed petition for habeas corpus, finding that the only substantive difference between the two petitions was the respondent's name. In the second order, the circuit court incorporated all the findings from its June 21, 2012, order denying the petition. Thereafter, in April of 2013, petitioner filed a motion for appointment of counsel in the underlying habeas proceeding. Despite having twice denied the petition for writ of habeas corpus, the circuit court granted the motion by order entered on June 12, 2013. Counsel thereafter filed an amended petition for writ of habeas corpus alleging ineffective assistance of prior habeas counsel. Ultimately, the circuit court entered a third order summarily denying petitioner relief on September 4, 2014. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

To begin, we find no error in the circuit court denying the amended petition for writ of habeas corpus without first holding an omnibus evidentiary hearing. We have previously held that a circuit court

> "may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, in part, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). According to the record, the amended petition for writ of habeas corpus below "relie[d] upon speculation" as to the allegations of ineffective assistance of prior habeas counsel. Specifically, the circuit court noted that it was unclear whether the alleged misconduct of petitioner's prior counsel "occurred before or after [p]etitioner's trial" and, therefore, could not appropriately find any ineffective assistance below. Moreover, petitioner "did not attach any exhibits to supplement" the amended petition. For these reasons, the Court finds no error in the circuit court denying the amended petition for writ of habeas corpus without holding an omnibus evidentiary hearing.

Finally, as to petitioner's assignments of error regarding the sufficiency of the circuit court's order, we find no error in this regard. Petitioner alleges that the circuit court erred in failing to include sufficient findings of fact; state whether the grounds raised in the amended petition were adjudicated or waived; and indicate whether the grounds raised were dismissed with prejudice. Upon our review, we find no error in these regards. The order on appeal is the third order the circuit court entered denying petitioner habeas relief in regard to ineffective assistance of habeas counsel. In the most recent order, the circuit court begins by noting that "[t]he specific ground now raised against the [p]etitioner's omnibus habeas counsel . . . was addressed by this [c]ourt in [the] 2012 Order Summarily Denying Habeas Petition[.]" The circuit court then goes on to incorporate that 2012 order by reference throughout the order on appeal.

Upon our review of the record, it is clear that the circuit court's prior order denying petitioner's prior petition for writ of habeas corpus entered on June 21, 2012, was appropriately sufficient and contained the findings petitioner now complains are absent from the most recent order. Specifically, the circuit court previously found that petitioner's claim of ineffective assistance of habeas counsel, the sole remaining claim in petitioner's amended petition, was dismissed without prejudice. Moreover, the 2012 order included specific findings of fact and conclusions of law detailing why petitioner was not entitled to relief and the circuit court specifically incorporated those findings and conclusions into the most recent order by quoting the 2012 order. Finally, the Court finds no merit to petitioner's allegation that the circuit court failed to include a finding that petitioner's claim of ineffective assistance of counsel was either waived or fully adjudicated. Such a finding is irrelevant in light of the fact that the circuit court summarily dismissed the claim because the evidence established that petitioner was entitled to no relief. As such, the Court finds no error in the circuit court's order on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II