# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Forest Tincher,**
**Petitioner Below, Petitioner**

**FILED**

October 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 15-0295** (Kanawha County 15-P-86)

**Dennis Dingus, Warden,**
**McDowell County Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Pro se petitioner James Forest Tincher appeals the Circuit Court of Kanawha County's March 12, 2015, order summarily denying his petition for writ of habeas corpus. Respondent Dennis Dingus, Warden, by counsel Benjamin F. Yancey III, filed a response.[1] On appeal, petitioner alleges that the circuit court erred in summarily denying his habeas petition and in making insufficient findings of fact.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2010, a grand jury indicted petitioner on one count of bank robbery and one count of conspiracy. Thereafter, petitioner entered a guilty plea to one count of bank robbery without a handgun. Pursuant to the plea, the circuit court then sentenced petitioner to a term of incarceration of ten to twenty years. In November of 2010, petitioner's counsel filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court ultimately denied this motion. Petitioner did not appeal this sentence.

In March of 2015, petitioner filed a *pro se* petition for writ of habeas corpus. Petitioner alleged that his sentence was disproportionate to the crime and that his counsel was ineffective for failing to file an appeal of his sentence. Thereafter, the circuit court summarily denied the petition.  It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

---

[1]Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to further habeas proceedings below, including an omnibus evidentiary hearing, because the circuit court could not appropriately rule on his petition without a full evidentiary record. The Court, however, does not agree. We have previously held that

"[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). In the present matter, petitioner simply alleges that it was error to deny his petition because he alleged ineffective assistance of counsel for failure to appeal his sentence, and that his sentence is disproportionate. However, the circuit court clearly ruled that petitioner's argument in regard to his sentence was previously raised on a Rule 35(b) motion, which was denied.

Further, petitioner alleges that his counsel's failure to appeal his conviction constitutes ineffective assistance of counsel because he was denied his right to an appeal. However, counsel's failure to appeal a conviction, in and of itself, does not necessarily constitute ineffective assistance, especially in light of the fact that petitioner does not allege any facts that would support such a finding. Given petitioner's entry of a guilty plea in the criminal proceedings below and his failure to allege any facts that would give rise to an ineffective assistance claim in this regard, such as incompetent advice of counsel or an involuntary plea, the circuit court clearly did not err in denying petitioner relief on his ineffective assistance of counsel claim. As such, it is clear that the circuit court did not err in summarily denying the petition for writ of habeas corpus.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit

court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's March 12, 2015, "Final Order Dismissing Petition For Writ Of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

15-0295

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA
ex rel. JAMES FOREST TINCHER,
Petitioner,

v.

Civil Action No. 15-P-86
Judge Louis H. Bloom

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,
Respondent.

## FINAL ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

Pending before the Court is a *Petition for a Writ of Habeas Corpus Ad-Subjiciendum Under WV Code § 53-4A-1 (Petition)* by the *pro se* Petitioner, James Forest Tincher, on March 9, 2015. The Petitioner is currently serving a sentence of an indeterminate term of not less than ten years nor more than twenty years with eighty-nine days of credit time spent in jail awaiting trial and conviction. The Petitioner pled guilty to the Felony Offense of Bank Robbery Without a Handgun as contained in Count One of Felony Indictment No. 10-F-397.[1] The Petitioner seeks habeas relief on the basis that (1) his current sentence is disproportionate and should be reduced, and (2) his trial counsel failed to either file an appeal within the 120 day deadline or file a motion to reduce his sentence.

Under Rule 4 of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia, "[t]he court shall prepare and enter and order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and

---

[1] Specifically, the Plaintiff pled guilty to a violation of W. Va. Code § 61-2-12(c), which provides in pertinent part:

> If any person . . . [b]y force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of, any bank, he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than ten nor more than twenty years.

finally adjudicated or waived." Under section 53-4A-3(a) of the West Virginia Code, the Court may refuse the petition if it is satisfied that the petitioner is entitled to no relief after the court reviews the petition, the documentary evidence, the underlying record, as well as the record of any other prior petition.

Upon review of the record, it appears that Petitioner's trial counsel, John Carr, filed a *Motion for Reduction in Sentence* in Case No. 10-F-397 on November 5, 2010. Thereafter, this Court entered its *Order Denying Defendant's Motion for Reduction of Sentence* on December 20, 2010. Accordingly, after reviewing the *Petition*, the documentary evidence, and the underlying records, the Court finds that the issues raised in the *Petition* have been previously and finally adjudicated, and the Petitioner is therefore entitled to no relief.

The Court does **ORDER** that the habeas *Petition* be **SUMMARILY DISMISSED** and that this action be **DISMISSED** and **STRICKEN** from the docket of this Court. The objection of the Petitioner is noted and preserved. The Clerk is **DIRECTED** to send a certified copy of this *Final Order* to the Kanawha County Prosecuting Attorney's Office and to the parties and counsel of record.

**ENTERED** this ___ day of March 2015.

_____
**Louis H. Bloom, Judge**

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS:
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS ___
DAY OF _____
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA