**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Thomas B.,
**Petitioner Below, Petitioner**

**v.)  No. 23-308** (Marion County CC-24-2022-C-94)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Thomas B. appeals the final order entered by the Circuit Court of Marion County on March 15, 2023, denying his second petition for post-conviction habeas corpus relief.[1] On appeal, the petitioner claims the court erred when it denied his petition, which alleged he was denied his rights to a presumption of innocence and effective assistance of counsel. Upon our review, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

Following a jury trial, the petitioner was convicted of seven counts of first-degree sexual assault; fourteen counts of sexual abuse by a parent, guardian, or custodian; fourteen counts of incest; seven counts of second-degree sexual assault; and one count of use of obscene matter with intent to seduce a minor.[2] The petitioner appealed his convictions to this Court, but that petition was refused on June 3, 2009. Subsequently, the petitioner filed a petition for a writ of post-conviction habeas corpus, which alleged twelve grounds for relief including ineffective assistance of counsel. The petitioner alleged that his trial counsel was ineffective because he "made unnecessarily prejudicial comments when describing" the petitioner during his opening statement. That opening statement provided, in relevant part,

---

[1] The petitioner is self-represented. The respondent appears by counsel Patrick Morrisey, Attorney General, and Andrea Nease Proper, Deputy Attorney General. Since the filing of this appeal, the superintendent of Mount Olive Correctional Complex has changed, and the superintendent is now Jonathan Frame. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Because all sentences are to run consecutively, the petitioner's effective sentence is 390 to 915 years of imprisonment.

How bad would it be to be charged with sexual abuse if you didn't do it[?] . . . I'm not going to stand here and tell you that my client, [the petitioner], is the greatest guy that ever walked the earth, because, believe me, he ain't close. He has some character faults that most of us would be revolted by. He doesn't—he doesn't have any type of discretion, and he has some poor morals. But he's not guilty of this crime. . . . Now, [the petitioner] has denied it from the start. He denies it in front of you there today. And he's going to take the witness stand and deny under oath that he ever touched his children. . . . And we need you to find the facts that says [sic] that [the petitioner] is not guilty of these charges, and that these charges were made in order to get the children back and keep them for the mother. . . .

After an omnibus hearing, the circuit court denied the petition for a writ of habeas corpus. On appeal, this Court affirmed the court's decision, ruling that trial counsel's decision to speak about the petitioner's character during the opening statement was a strategic decision "that we will seldom, if ever, second guess." *Thomas B. v. Ames*, No. 18-0980, 2020 WL 1487806, at *8 (W. Va. Mar. 23, 2020) (memorandum decision) ("*Thomas B. I*").

In 2022, the petitioner filed a second petition for a writ of habeas corpus, which alleged two additional grounds for relief related to the above-quoted portion of trial counsel's opening statement. First, the petitioner argued that the opening statement was an attack upon his character that implied that his trial counsel believed he was guilty, which denied the petitioner's right to a presumption of innocence. Second, the petitioner argued that trial counsel's statement that "[h]e has some character faults that most of us would be revolted by" caused a conflict of interest and irreparably harmed his attorney-client relationship. The petitioner did not assert these grounds in his first petition. *Id.* at *2. The circuit court denied the second petition without a hearing, finding that both claims were "fully litigated in his prior petition for habeas corpus relief" and barred by res judicata. The petitioner appeals from this order.

When this Court reviews an order denying habeas relief, "we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

On appeal, the petitioner argues the circuit court erred when it denied the claims in his second habeas petition. He contends that trial counsel's comments during opening statement violated his right to a presumption of innocence and amounted to a conflict of interest because they were "a verbalized expression of the contempt" that he had for the petitioner, and he asserts that res judicata should not bar consideration of his arguments because the decision in *Thomas B. I* was "clearly wrong." *See* W. Va. Code § 53-4A-1(b) (providing that a habeas issue has been "previously and finally adjudicated" when there has been "a decision on the merits thereof after a full and fair hearing . . . unless said decision upon the merits is clearly wrong").

West Virginia's habeas corpus statute "clearly contemplates that [a] person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one postconviction habeas corpus proceeding[.]" Syl. Pt. 1, in part, *Markley v. Coleman*, 215 W. Va. 729, 601 S.E.2d 49

(2004); W. Va. Code §§ 53-4A-1 to -11. Further, "[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known," subject to the following exceptions: ineffective assistance of habeas counsel at the omnibus hearing, newly discovered evidence, or a favorable change in law that may be applied retroactively. Syl. Pt. 4, in part, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). In *Thomas B. I*, the petitioner had an opportunity to litigate the additional claims he now raises, but he did not. The petitioner does not allege that there is newly discovered evidence, he is not pursuing a claim of ineffective assistance of habeas counsel, and he does not argue there has been a favorable change in the law that can be applied retroactively. In short, the petitioner has not demonstrated that any *Losh* exceptions apply to avoid the res judicata bar to this successive habeas petition. *Id.* In conclusion, we find no error in the circuit court's order denying the petitioner's second petition for habeas corpus relief.

For the foregoing reasons, we affirm the Circuit Court of Marion County's March 15, 2023, order.

Affirmed.

**DATE:** January 10, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV