**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Carlos Tilley,
**Petitioner Below, Petitioner**

**v.)  No. 24-65** (Marion County No. CC-24-2023-C-149)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center and Jail,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carlos Tilley appeals the Circuit Court of Marion County's January 11, 2024, order denying his petition for a writ of habeas corpus.[1] Upon our review, we conclude that the circuit court's order must be vacated, and the case remanded, because the circuit court failed to address the petitioner's motion to amend his petition. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for decision in a memorandum decision without oral argument.

The petitioner was convicted in 2016 of one count of delivery of a controlled substance (crack cocaine) within 1,000 feet of a school, and one count of conspiracy to commit a felony. The jury also found him guilty pursuant to a recidivist information. He was sentenced as a recidivist to life in prison with eligibility for parole, plus a concurrent term of one to five years of imprisonment. The petitioner filed a direct appeal to this Court, which affirmed the conviction and sentence. *See State v. Tilley*, No. 17-0155, 2018 WL 3005946 (W. Va. Jun. 15, 2018) (memorandum decision). He also filed an omnibus petition for a writ of habeas corpus that was unsuccessful. *See Tilley v. Ames*, No. 21-0644, 2022 WL 9923704 (W. Va. Oct. 17, 2022) (memorandum decision).

On November 6, 2023, the self-represented petitioner filed his second petition for a writ of habeas corpus where he asserted ineffective assistance of habeas counsel and sentencing error. On December 18, 2023, the petitioner filed a motion to amend the petition under Rule 15 of the Rules of Civil Procedure, seeking to add additional claims and arguments. Based upon the record, it does not appear that the circuit court ever ruled on the petitioner's motion to amend the petition.

Without holding a hearing, on January 11, 2024, the circuit court entered an order summarily denying the petition. The court concluded that the petitioner's assertions pertained to

---

[1] The petitioner is a self-represented litigant. The respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Sandra M. Walls. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

the legal representation provided by trial counsel—which had already been addressed in the omnibus habeas case. The circuit court also rejected the petitioner's assertion that he should not have been sentenced as a recidivist, noting that the petitioner's five prior convictions were more than sufficient for the jury to find him guilty of recidivism. Therefore, the court found that the petitioner failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for proving ineffective assistance of his habeas counsel.

The petitioner appeals the January 11, 2024, order, raising five assignments of error: (1) the circuit court erred by summarily dismissing the petition without appointing counsel or holding an omnibus hearing; (2) the circuit court erred by not setting aside his recidivist sentence upon finding that the triggering offense was invalid; (3) the circuit court erred in not finding that habeas counsel was ineffective for "failing to identify key instances of ineffective assistance of trial counsel" and appellate counsel; (4) the circuit court erred in failing to find habeas counsel was ineffective for "failure to investigate and properly raise grounds of ineffective assistance of appellate counsel"; and (5) the circuit court erred in "not issuing findings of facts and conclusions of law concerning the petitioner's Rule 15 motion to amend."

Typically, our review of a circuit court's order denying habeas relief is for an abuse of discretion; we review underlying findings of fact under a clearly erroneous standard and questions of law de novo. Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Regarding habeas petitions generally, we have held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law *relating to each contention advanced by the petitioner*, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997) (emphasis added); *see also Markley v. Coleman*, 215 W. Va. 729, 734, 601 S.E.2d 49, 54 (2004) ("In deciding to grant or deny relief, circuit courts must make adequate findings of fact and conclusions of law related to the petitioner's habeas corpus allegations.").

Although the circuit court reviewed and decided some of the petitioner's arguments, the court did not address whether the petitioner's motion to amend his habeas petition should be granted, and if granted, whether there is any merit to the petitioner's additional claims. Accordingly, we vacate the January 11, 2024, final order and remand this case to the circuit court with directions to rule on the motion to amend, conduct whatever proceedings the court deems appropriate, and enter a new final order. Because we are vacating the circuit court's final order, we decline at this time to decide the merits of the petitioner's assignments of error on appeal.

Vacated and Remanded with Directions.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

2