# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Robbie Campbell,
**Petitioner Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0688** (Logan County 12-C-241)

Marvin Plumley, Warden,
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robbie Campbell, by counsel Benjamin Mishoe, appeals the Circuit Court of Logan County's June 18, 2014, order denying his petition for writ of habeas corpus. Respondent Marvin Plumley, Warden, by counsel Jonathan Porter, filed a response.[1] On appeal, petitioner alleges that the circuit court erred in denying habeas relief on the following grounds: that petitioner entered an involuntary guilty plea; that he received ineffective assistance of counsel; and the circuit court failed to hold an omnibus evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2008, a Logan County grand jury indicted petitioner on one count of murder of the first degree in the shooting death of Thomas Adkins. Following a three-day jury trial, petitioner was convicted of one count of murder of the first degree without the recommendation of mercy. Thereafter, petitioner filed a motion for a new trial. In January of 2010, the circuit court granted petitioner's motion for a new trial on the ground that petitioner's right to a trial by an impartial and objective jury was violated because a juror failed to acknowledge knowing two witnesses during *voir dire* and admitted to advising the jury about fire damage of the victim's residence. Several months later, petitioner pled guilty to one count of murder of the first degree. In exchange for his guilty plea, the State agreed to recommend that

---

[1] In the circuit court proceeding, the actual respondent was David Ballard, Warden of Mount Olive Correctional Center where petitioner was housed at the time his petition was filed. Petitioner has subsequently been transferred to Huttonsville Correctional Center. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the appropriate party has been substituted in the style of this matter.

1

petitioner receive mercy as part of his life sentence. Thereafter, the circuit court sentenced petitioner to life in prison with the recommendation of mercy, in accordance with West Virginia Code § 61-2-2.

In September of 2012, petitioner, *pro se*, filed a petition for writ of habeas corpus. Thereafter, petitioner's appointed counsel filed an amended petition for writ of habeas corpus alleging ineffective assistance of counsel, mistaken advice of counsel as to parole eligibility, that he received a more severe sentence, and that his guilty plea was not knowingly and voluntarily made. The State filed a response. By order entered June 18, 2014, the circuit court summarily denied petitioner post-conviction habeas relief. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that the circuit court erred in dismissing his amended petition without holding an omnibus evidentiary hearing and in failing to set forth specific findings of fact and conclusions of law as to why an evidentiary hearing was not required in accordance with Rule 9(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia. Upon review of the record, we find no error in the circuit court's order denying the petition without first holding an omnibus evidentiary hearing. We have previously held that a circuit court

> "may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, in part, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). The record on appeal reveals that petitioner's allegations in support of his claim of ineffective assistance of counsel were based on petitioner's self-serving statements and without additional proof. Further, the circuit court found that evidence submitted in support of his claim that he did not knowingly and voluntarily enter into his guilty plea or that his sentence was more severe than expected established that petitioner was not entitled to habeas relief. As part of petitioner's written plea agreement, the State agreed to "recommend mercy which means if granted by the Court that he would be eligible for parole after having served fifteen years[.]" Further, petitioner's "Petition to Enter Guilty Plea" contains a handwritten portion acknowledging that first-degree murder with a

2

recommendation of mercy carries a penalty of "life in prison with possibility of parole after serving [fifteen] years." For these reasons, the Court finds no error in the circuit court's order denying the amended petition for writ of habeas corpus without holding an omnibus evidentiary hearing. The circuit court set forth sufficient findings of fact and conclusions of law as to why an evidentiary hearing was not required.

Petitioner also re-asserts the same arguments that the circuit court rejected below. Petitioner argues that he received ineffective assistance of counsel because his trial counsel improperly explained his sentence. Petitioner also argues that he did not knowingly and intelligently plead guilty to murder of the first degree because the circuit court violated Rule 11(c)(1) of the West Virginia Rules of Criminal Procedure by failing to explain the minimum and maximum penalty for his crime. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the errors he assigns in this appeal, which were also argued below. Having reviewed the circuit court's "Order," entered June 18, 2014, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions of law as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

ROBBIE CAMPBELL,

Petitioner

Case No. 12-C-241-P

vs.

DAVID BALLARD, WARDEN,
Mount Olive Correctional Center,

Respondent

VICKIE KOLOTA
CIRCUIT CLERK
LOGAN COUNTY
2014 JUN 18 A 10: 27
RECEIVED & FILED

## ORDER

After reviewing the petition for writ of habeas corpus ad subjiciendum, the amended petition thereto and the response, as well as the file in this case and the file in the underlying criminal case, and the argument of counsel, the Court makes the following findings and conclusions of law and it is ORDERED as follows:

1. The petitioner's initial ground for the requested writ as set forth in his pro se petition is "denial of effective assistance of counsel."

2. He claims that the attorney he employed in this case, Donald C. Wandling, a former prosecuting attorney with over thirty (30) years of trial experience, ineffective.

3. Petitioner was initially convicted of murder in the first degree without a recommendation of mercy in the underlying case with Donald C. Wandling as his trial attorney.

4. The verdict was set aside due to an irregularity with one juror.

5. The petitioner then accepted a plea offer to murder in the first degree with a recommendation of mercy.

6. The petitioner states that according to his trial lawyer, acceptance of said plea offer would carry a minimum of one (1) year in prison and a maximum of fifteen (15) years.

7. While he claims that his wife heard the one (1) to fifteen (15) year potential sentence being mentioned specifically in court during the plea process, there is no affidavit to that effect and furthermore, the transcript of the plea process does not uphold his claim.

8. The petitioner claims that his trial counsel knowingly and willingly mislead him into taking the plea agreement because the attorney was upset about a lucrative lawsuit on behalf of the petitioner being withheld from counsel; however, no such proof has been produced and secondly, counsel in his affidavit states that there was no such potential lawsuit.

9. The petitioner employed this trial attorney with whom he had worked previously in other cases.

10. In his amended petition, the petitioner changed his allegation and then claims that trial counsel advised him that under the plea agreement he would receive a flat sentence of fifteen (15) years and not the one (1) to fifteen (15) set years forth in his original petition.

11. The claims in the amended petition included alleged ineffective assistance of counsel at trial and that the petitioner's guilty plea was not made knowingly and intelligently.

12. Claims of infective assistance of counsel are governed by **State v. Miller**, 194 W.Va. 3, 459 S.E.2d 114 (1995) in a two pronged test as follows:

A. Counsel's performance was deficient under an objective of standard of reasonableness and

B. There is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

13. This petitioner with the same trial counsel shortly before his guilty plea in the underlying case had undergone a jury trial that lasted several days and was convicted of first degree murder without a recommendation of mercy.

14. Because of a question about one juror, the verdict was set aside.

15. This petitioner then accepted the State's offer to plead guilty to murder in the first degree with a recommendation of mercy.

16. The alternative was to stand trial again on the same evidence.

17. By accepting the offer and entering the guilty plea, the petitioner was given the opportunity to be eligible for parole after serving fifteen (15) years in prison, which he did not have under the original jury verdict.

18. Such a difference does not show that the counsel's performance was deficient under an object of standard reasonableness.

19. Unlike most cases questioning effective assistance of counsel, where it

is argued that an accused is convicted because of some deficient action of trial counsel, the claim in this case is that trial counsel's deficient action was in the entry of a guilty plea after a guilty verdict by jury had been entered.

20. Counsel's alleged unprofessional error certainly cannot be seen as creating any reasonable probability that but for those errors the result would have been different. The jury has already spoken and the verdict, from the petitioner's standpoint, was much worse than the effect of the guilty plea.

21. Most, if not all, of the petitioner's allegations herein are based on petitioner's claims and no proof.

22. While under oath at the original trial, the petitioner denied that he was guilty of shooting the victim and stated that he was nowhere present when the shooting occurred.

23. When the petitioner entered his guilty plea and while under oath, both in writing and orally he acknowledged that he shot and killed the victim.

24. There are times when the petitioner while under oath is not truthful.

25. Several documents were submitted to the court and entered into the record as a part of the guilty plea process.

26. The petitioner acknowledged that he had read them and that they had been explained to him by trial counsel before the entry of his guilty plea.

27. The petitioner acknowledged that he was not only satisfied with the work of his trial counsel during the plea process but also that counsel had gone beyond what he had expected counsel to do.

28. In his petition to enter his guilty plea, the petitioner was clearly advised in writing that acceptance of that plea meant that he would face a possible penalty of life in prison with the possibility of parole **after serving fifteen (15) years.**

29. The Defendant's exhibit 1 entered as a part of the plea process, likewise stated that the possible punishment under that plea process was eligibility in fifteen (15) years for parole and the sentence would be life in prison.

30. The Defendant's exhibit 3 entered into the plea process stated that he was pleading to first degree murder with the recommendation of mercy with a potential for life in prison with a possibility of parole **after serving fifteen (15) years.**

31. All of these documents were signed by the petitioner and entered to the record as a part of the guilty plea process.

32. The Defendant's claims to the contrary are unsubstantiated and disproved both by the affidavit of trial counsel Donald C. Wandling and by the evidence as set forth above.

33. The petitioner was properly advised during the plea process, read and understood the documents and was satisfied with counsel.

34. The petitioner's guilty plea was knowingly and voluntarily entered into by the petitioner.

35. The petitioner's claims of ineffective assistance of counsel do not meet the standards required under **Miller supra.**

36. The petition and amended petition are hereby denied and the case is dismissed.

37. Counsel confirms that the clerk of this court may forward this order and other pleadings in this matter electronically by e-mail or fax without the necessity of paper copy.

Further, the Court does hereby ORDER that the Counsel for the Defendant has a period of ten (10) days within which to file any objections to this Order, in writing, and if no objections are filed, then this Court Order shall remain in full force and effect.

Further, the Court ORDERS that the Clerk of this Court shall provide a copy of this Order to counsel record.

ENTERED this ___17th___ day of ___June_____, 2014.

_____
ROGER L. PERRY, JUDGE

PREPARED FOR ENTRY BY:

_____
JOHN W. BENNETT, WVSB # 310
PROSECUTING ATTORNEY FOR
LOGAN COUNTY, WEST VIRGINIA
ATTORNEY FOR RESPONDENT
420 MAIN STREET, SUITE 100
LOGAN, WEST VIRGINIA 25601
(304) 792-8670
DATE: 5 - 29 - 14
CASE NO. 12-C-241-P

VICKIE KOLOTA
CIRCUIT CLERK
LOGAN COUNTY
2014 JUN 18 A 10: 27
RECEIVED & FILED

A COPY ATTEST