# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Marlin J. McClain,**
**Petitioner Below, Petitioner**

**FILED**
September 21, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-1323** (Jackson County 13-C-69)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Marlin McClain, by counsel Kevin W. Hughart and Christen M. Justice, appeals the Circuit Court of Jackson County's December 5, 2014, order granting respondent's motion to dismiss petitioner's petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in granting respondent's motion for summary judgment because he was entitled to further habeas proceedings, including an omnibus evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 1998, petitioner was convicted of first-degree murder and sentenced to life, without recommendation of mercy. Petitioner appealed this conviction, and the Court refused the same by order entered on February 16, 1999. Thereafter, in May of 1999, petitioner filed his first petition for writ of habeas corpus in the circuit court, wherein he alleged the following grounds for relief: insufficiency of the evidence; bias; and ineffective assistance of counsel, citing little effort to present a defense at trial. Petitioner later filed an amended petition alleging over fifty separate grounds for relief, including numerous grounds of ineffective assistance of counsel. Petitioner was represented by counsel during this habeas proceeding, and the circuit court held an evidentiary hearing on the petition. The circuit court ultimately denied petitioner habeas relief. Petitioner appealed the denial of habeas relief to this Court, which refused the same.

In June of 2006, petitioner filed a second habeas petition in the circuit court, wherein he alleged as a sole ground for relief that he was challenging the serology evidence from his trial. However, in its answer, respondent noted that no serology evidence was introduced against petitioner at trial, so the matter was dismissed.

Thereafter, in July of 2014, petitioner, with the assistance of counsel, filed a third habeas petition in the circuit court, alleging ineffective assistance of counsel, prejudicial pre-trial publicity, coerced confession, non-disclosure of grand jury minutes, prejudicial statements by the prosecutor, and failure to prove malice and intent. The State answered the petition and moved for summary judgment, arguing that most of the grounds raised had been explicitly ruled on in the prior habeas proceeding and the other grounds were deemed waived. After confirming that the petition did not allege ineffective assistance of habeas counsel, the circuit court granted respondent's motion and dismissed the petition. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to further habeas proceedings below, including an omnibus evidentiary hearing, because it is unclear whether he knowingly and intelligently waived any matters not raised in his first circuit court habeas petition. The Court, however, does not agree. We have previously held that

> "[a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syllabus Point 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Syl. Pt. 2, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). In the present matter, petitioner does not allege that he is raising any grounds for relief that are based on allegations of ineffective assistance of habeas counsel, newly discovered evidence, or a retroactive change in the law favorable to him. As such, it is clear that the matters raised in his most recent habeas petition are barred by res judicata.

Further, petitioner misapplies our prior holdings to argue that he should have been entitled to an omnibus evidentiary hearing. We have previously held that

> "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing

counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

*Id*. at 731, 601 S.E.2d at 51, Syl. Pt. 3. Citing this holding, petitioner argues that he was entitled to an omnibus hearing because he did not submit any exhibits, affidavits, or other evidence in support of his petition. Simply put, this is an inaccurate interpretation of this holding. This holding indicates that a circuit court may summarily deny a petition for writ of habeas corpus based upon the petition and its supporting documentation. In this case, petitioner chose to submit only the bald allegations in his petition and failed to provide any support therefore. As such, the circuit court was free to summarily deny the petition upon review and determination that petitioner was entitled to no relief. As such, we find no error in the circuit court granting respondent's motion for summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 21, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II