## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Banner Catlett,**
**Petitioner Below, Petitioner**

**vs)  No. 15-0567** (Berkeley County 07-C-60)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Banner Catlett, by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Berkeley County's May 13, 2015, order denying his petition for writ of habeas corpus. Respondent Karen Pszczolkowski, Warden, by counsel Christopher C. Quasebarth, filed a response.[1] On appeal, petitioner alleges that the circuit court erred in denying his habeas petition and in failing to hold an evidentiary hearing or allowing him to conduct discovery.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in February 1996, for the arson of his grandfather's house. While awaiting trial, petitioner was transported to the South Central Regional Jail at the State's request for a competency/criminal responsibility evaluation. Upon his return to the Eastern Regional Jail, petitioner was released on bond.

Approximately one month after being released on bond, petitioner entered the trailer home of an acquaintance, Andrew Mason, and fatally shot him twice in the head. Subsequently, petitioner was arrested for murder. While in state custody, he attempted to escape during his arraignment on the murder charge.

On June 4, 1997, petitioner was tried on the arson charge in Berkeley County. He was found not guilty by reason of mental illness and was placed in Sharpe Hospital, a mental health

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent, David Ballard, with Karen Pszczolkowski, Warden of the Northern Correctional Facility, because petitioner is currently incarcerated at the Northern Correctional Facility.

facility, for a period not to exceed twenty years. In September of 1997, petitioner escaped from Sharpe Hospital. He was located in California one month later and was returned to West Virginia after he waived extradition.

In February of 1998, petitioner was indicted for the murder of Andrew Mason and for attempted escape from a public safety officer. At trial, petitioner never disputed that he killed Andrew Mason, but instead, claimed that he was not criminally responsible at the time of the offense. On April 30, 1998, petitioner was found guilty of first-degree murder and attempted escape. He was sentenced to life in prison, without mercy, for the first-degree murder conviction and one to three years for the attempted escape.

Subsequent to the murder conviction, the prosecutor moved the circuit court that convicted petitioner on the arson charge to dismiss its continuing jurisdiction over petitioner so that he could be sent immediately to the state penitentiary on the murder and attempted escape convictions. After an evidentiary hearing on this matter, the judge who presided over the arson trial determined that petitioner suffers from an anti-social personality and a possible drug induced, or schizophrenia; that petitioner's mental illness was not in an acute stage; that petitioner had refused medication for that mental illness for the seven months leading up to the hearing; that petitioner continued to be dangerous; that Sharpe was not a secure facility and had no forensic unit; that the Department of Health does not maintain a secure mental health facility; and that the placement of petitioner with the Department of Corrections would best protect the public. Petitioner was transferred from Sharpe Hospital to the custody of the West Virginia Department of Corrections to begin his prison sentences for convictions of first-degree murder and attempted escape.[2]

Petitioner filed an appeal arguing that the arson trial court erred when it released him to the Department of Corrections because the circuit court had no authority to execute such a release under West Virginia Code § 27–6A–4 (1999). By opinion entered July 14, 1999, this Court held that the trial judge with jurisdiction over petitioner following a verdict of not guilty by reason of insanity could release petitioner to the Department of Corrections to serve a sentence for his murder and attempted escape convictions. *See State v. Catlett*, 207 W.Va. 740, 536 S.E.2d 721 (1999).

Thereafter, petitioner filed a direct appeal from his first-degree murder conviction arguing that there was insufficient evidence to sustain a conviction in that he was not criminally responsible at the time of the murder and that the state failed to present sufficient evidence to prove premeditation. Petitioner also argued that the circuit court erred in not granting his motion for a mistrial when one of the State's experts mentioned the existence of excluded evidence. Finally, petitioner also urged this Court to reconsider its prior decision affirming the circuit court's order removing him from Sharpe Hospital and placing him in the custody of the Department of Corrections to begin his prison sentences. This Court held that: (1) there was substantial evidence that defendant was sane at the time of the murder; (2) the evidence supported a finding of premeditation; (3) the State's expert's mention of existence of excluded evidence did not require a mistrial; and (4) the Court would not reconsider its prior decision

---

[2]However, the court did not release petitioner from its jurisdiction.

affirming order removing the defendant from a mental health facility and placing him in the custody of the Department of Corrections to begin his prison sentences. *See State v. Catlett*, 207 W.Va. 747, 536 S.E.2d 728 (2000).

In 2013, petitioner filed a pro se petition for writ of habeas corpus, which was ultimately dismissed without prejudice. Thereafter, the circuit court appointed petitioner counsel and directed that an amended petition for writ of habeas corpus be filed. Subsequently, on September 23, 2014, petitioner, by counsel, filed an amended petition for writ of habeas corpus alleging fourteen substantive grounds for relief, which also included nineteen alleged instances of ineffective assistance of counsel. Petitioner also moved for leave to conduct discovery. By order entered on January 7, 2015, the circuit court summarily dismissed the majority of petitioner's grounds for relief. However, the circuit court specifically directed respondent to file an answer with respect to three of petitioner's claims for relief, including five allegations that he received ineffective assistance of counsel.[3] Thereafter, respondent filed an answer and a motion to dismiss petitioner's remaining claims for habeas relief. Without holding a hearing, the circuit court denied the petition for writ of habeas corpus and motion for leave to conduct discovery by order entered on May 13, 2015. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to further habeas proceedings below, including an omnibus evidentiary hearing, because the circuit court could not appropriately rule on his petition without a full evidentiary record. The Court, however, does not agree. We have previously held that

> "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194

---

[3]Respondent was specifically directed to respond to the following allegations in support of petitioner's amended petition for writ of habeas corpus: (1) petitioner was innocent of the crimes of which he was convicted; (2) petitioner received ineffective assistance of counsel; and (3) cumulative error.

S.E.2d 657 (1973).

Syl. Pt. 3, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). In the present matter, petitioner simply alleges that it was error to deny his petition because he alleged several claims of ineffective assistance of counsel, which, he argues, can only be properly decided after conducting an evidentiary hearing. Similarly, petitioner asserts that the circuit court should have granted his motion for discovery.

Pursuant to Rule 9(a) of Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia, "the circuit court, after the answer is filed, shall, upon a review of the record, if any, determine whether an evidentiary hearing is required." *Id.*, in pertinent part. Likewise, Rule 7(a) also grants circuit courts discretion to allow discovery for "good cause shown." The clear language of these rules gives circuit courts the discretion to hold an evidentiary hearing or permit discovery. As the circuit court correctly determined, petitioner failed to allege any facts that would warrant an evidentiary hearing and failed to show good cause for discovery. Indeed, the circuit court's order supports its finding that an evidentiary hearing was not required based upon a thorough review of "all the briefs, exhibits, the underlying criminal case, the Petition for Appeal, and relevant legal authority." As such, it is clear that the circuit court did not err in denying the petition for writ of habeas corpus.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on errors alleged in the petition, which were also argued below. The circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's May 13, 2015, "Order Denying Petition for Writ of Habeas Corpus and Denying Motion for Leave to Conduct Discovery" and its January 7, 2015, "Order Summarily Dismissing Certain Grounds and Calling for Respondents' Limited Answer to Petition for Writ of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II