# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Landrum R.,**
**Petitioner Below, Petitioner**

**FILED**

**June 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-1095** (Marshall County 16-C-118(H))

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Landrum R.,[1] by counsel Michael B. Baum, appeals the Circuit Court of Marshall County's October 25, 2016, order denying his petition for writ of habeas corpus. Respondent Ralph Terry, Acting Warden, Mt. Olive Correctional Complex, by counsel Benjamin F. Yancey, III, filed a summary response in support of the circuit court's order.[2] Petitioner filed a reply. Petitioner argues that the circuit court erred in summarily denying his petition for habeas relief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 8, 2014, a Marshall County Grand Jury returned an indictment against petitioner on fifteen counts of sexual abuse by a parent, guardian, or custodian; ten counts of first degree sexual assault; and five counts of first degree sexual abuse. The indictment alleged that

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. See *In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); S*tate v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] The warden of Mt. Olive Correctional Complex has changed. The acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

petitioner, who was then over the age of fifty, had sexually abused and assaulted his girlfriend's minor daughter.[3] The abuse reportedly occurred from January of 2009 through May of 2010.[4]

While petitioner initially denied the victim's allegations and called the victim a "hateful little girl" who knew how to work the system, he later admitted that he had sexual contact with the victim on multiple occasions. As to each of these instances, petitioner claimed that the victim initiated the sexual contact. Specifically, petitioner recalled that on three separate occasions, he woke to find his hand down the front of the victim's pants. Petitioner suggested that the victim placed his hand down her pants. Petitioner further recalled several occasions wherein he awoke to the victim straddling him at the waist and "grinding" on him and other instances where the victim ran into petitioner's bedroom and jumped on top of petitioner, straddling him at the waist. In a series of pre-trial hearings, the circuit court addressed the voluntariness of petitioner's statements. By order dated December 11, 2014, the circuit court found that petitioner's statements occurred without coercion or duress and were freely, willingly, and voluntarily made.

Following a one-day trial, on February 19, 2015, petitioner was convicted of each of the thirty counts against him. At a March 20, 2015, sentencing hearing, the circuit court, sua sponte, dismissed nine counts of the jury's verdict (five of the sexual abuse by parent, guardian, or custodian charges; two of the first degree sexual assault charges; and two of the first degree sexual abuse charges).[5] At the sentencing hearing, petitioner was afforded the opportunity to speak and stated "I made a bad choice . . . I would change my choices and I apologize." The court enquired as to which choices the petitioner was referencing and petitioner stated, "I wouldn't have let her done what she done. I would have stopped it . . . I think that's why she got mad and she did what she did . . . to revenge on me."

The circuit court described petitioner's statements as "outrageously disgusting," and stated "[i]t sickens me today to hear you blame this innocent child of raping you . . . You're blaming her, an eight-year-old little girl, for molesting you." Thereafter, petitioner was sentenced to a cumulative term of imprisonment of 40 to 145 years. Petitioner filed a direct appeal of his convictions, but the appeal was withdrawn at petitioner's request.[6] In the motion to withdraw his direct appeal, petitioner noted his recognition that the direct appeal was "his one opportunity to

---

[3] At the time of the abuse, the victim was reportedly between the ages of nine and ten.

[4] The abuse was alleged to have occurred in West Virginia and South Carolina, where the family briefly lived. However, the only instances of abuse at issue herein are those that occurred in West Virginia.

[5] The circuit court found dismissal of certain counts was necessary due to insufficient evidence.

[6] This Court granted petitioner's motion to withdraw his direct appeal, in *State of West Virginia v. Landrum R.*, Case No. 15-0354, by order dated July 23, 2015.

appeal directly from his conviction, but upon consultation with counsel . . . believes his interests are best served by foregoing an appeal and filing a petition for habeas corpus."

On July 7, 2016, petitioner, pro se, filed his first petition for writ of habeas corpus, in which he alleged thirty-two instances of ineffective assistance of counsel of his trial and/or appellate counsel. Petitioner contends the ineffective assistance of counsel occurred at the pre-trial, trial, sentencing, and in his direct appeal. By order entered October 25, 2016, the circuit court dismissed petitioner's habeas petition. In its order, the circuit court noted that petitioner's habeas petition alleged "various and sundry grounds for relief." The court found that based upon its "complete review of the underlying criminal case file" it did not find "that probable cause exists to believe that the petitioner may be entitled to any relief whatsoever." Accordingly, the circuit court denied petitioner's habeas petition and dismissed the same. It is from the circuit court's October 25, 2016, order, that petitioner now appeals.

We review a circuit court's dismissal of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). We have further held that "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court erred in summarily denying his petition for writ of habeas corpus without appointing counsel or holding an omnibus evidentiary hearing, in violation of petitioner's constitutional rights to due process and in contravention of West Virginia Code § 53-4A-7(c).[7] Conversely, respondent argues that given the circuit court's familiarity with the case and the breadth of evidence presented against petitioner, the circuit court's order denying petitioner's writ of habeas corpus was sufficient and must be affirmed by

---

[7] West Virginia Code § 53-4A-7(c), provides, in pertinent part, that

> any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention . . . and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided. Any order entered in accordance with the provisions of this section shall constitute a final judgment, and, unless reversed, shall be conclusive.

this Court. Given our review of the record before us, under the limited facts and circumstances of this case, we agree with respondent and find no error.

This Court has long noted that "[w]hen considering whether such a petition requesting post-conviction habeas corpus relief has stated grounds warranting the issuance of the writs, courts typically are afforded broad discretion." *State ex rel. Valenine v. Watkins*, 208 W. Va. 26, 31, 537 S.E.2d 647, 652. In syllabus point three of *Markley v. Coleman*, 215 W. Va. 729, 601 S.E.2d 49 (2004), we found that

> "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

In his writ for petition of habeas corpus herein, petitioner alleges ineffective assistance of trial and appellate counsel that caused jury bias, prosecutorial misconduct, improper use of evidence admitted at trial pursuant to Rule 404(b) of the West Virginia Rules of Evidence, the circuit court's finding that petitioner's statements were voluntary in nature, and improper instruction of the jury. However, the circuit court did not provide specific findings of fact and conclusions of law relating to each contention advanced by petitioner, as referenced in West Virginia Code § 53-4A-7(c), in denying petitioner's writ. Rather, the court stated that based upon the "complete review of the underlying criminal case file" that "probable cause" did not exist to believe that petition was "entitled to any relief whatsoever."

Here, the record reveals that the court, which denied petitioner's writ of habeas corpus, was intimately familiar with all facets of petitioner's underlying criminal case, as the circuit court judge presiding over petitioner's criminal trial was the same judge who denied petitioner's petition for writ of habeas corpus. As the circuit court judge heard all of the evidence introduced at trial, he possessed sufficient knowledge to render a decision on the merits of petitioner's claims without the necessity of an omnibus hearing. In fact, the circuit judge was so familiar with the facts of the case that he, sua sponte, dismissed many of the convictions returned against petitioner following the trial, finding that the same were unsupported by the evidence presented at trial.[8]

This Court has long held that "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syl. Pt 1, in part, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972).

---

[8] During the March 20, 2015, post-trial motions hearing, the circuit court judge advised counsel that in dismissing a number of the convictions returned against petitioner that the judge had "carefully combed through [his] copious notes that [he] took during the course of the litigation."

We further held that "the burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced on direct appeal." Syl. Pt. 2, in part, *id.* Here, petitioner alleges jury bias, prosecutorial misconduct, improper use of evidence admitted at trial pursuant to Rule 404(b), improper admission of his statements, and improper instruction of the jury. However, petitioner did not pursue any of these claims on direct appeal. In moving to withdraw his notice of direct appeal, petitioner noted his recognition that "this is his one opportunity to appeal directly from his conviction, but upon consultation with counsel, [p]etitioner believes his interests are best served by foregoing an appeal and filing a petition for habeas corpus." Accordingly, we find that in failing to raise these issues on direct appeal, per *Ford*, petitioner cannot now rely upon these facts in support of his petition for habeas corpus.

Under the limited facts and circumstances of this case, given the substantial evidence of petitioner's guilt, including the compelling testimony of his young victim, and the circuit court's actions in dismissing petitioner's factually unsupported convictions, we find no error and affirm the circuit court's October 25, 2016, order.

Affirmed.

**ISSUED:** June 8, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis